[No. A111284. First Dist., Div. Three. June 23, 2006.]

In re JEFFREY T., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
JEFFREY T., Defendant and Appellant.

1016

## COUNSEL

Gagen, McCoy, McMahon & Armstrong and Amanda Bevins for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Laurence K. Sullivan and Martin S. Kaye, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**McGUINESS, P. J.**—Appellant Jeffrey T., a former ward of the juvenile court, moved under Welfare and Institutions Code section 781 to seal the juvenile records in this case relating to an admitted charge of battery with serious bodily injury (the battery offense).[1] The juvenile court denied the motion on the ground that section 781 precluded sealing a person's juvenile records in any case where the person had been found to have committed an offense listed in section 707, subdivision (b), after attaining 14 years of age. Here, the juvenile court found after trial that appellant committed, in addition to battery, assault by force likely to produce great bodily injury with enhancement for inflicting great bodily injury (the assault offense), a section 707, subdivision (b) offense.

On appeal, appellant claims the juvenile court erred in denying his motion. He acknowledges the records in this case relating to the assault offense are not sealable under section 781. But he contends those relating to the battery offense are sealable because—although joined in the same petition with the assault charge—it stemmed from unrelated events on a different date, in a different location, and with a different victim. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 26, 1998, appellant, then 17 years old, was charged in a petition with committing battery with serious bodily injury, a felony, and simple battery, a misdemeanor. The charges stemmed from a violent confrontation between appellant and victims Raul Garcia-Deleon and Chano Garcia-Deleon on March 20, 1998, outside a Danville fast food restaurant. During that confrontation, victim Raul Garcia-Deleon, then 55 years old, sustained a concussion, broken teeth and multiple facial contusions. Witnesses identified appellant as one of the attackers who kicked Raul Garcia-Deleon in the face, causing the injuries.

On September 11, 1998, with the battery charges still pending, appellant was involved in another violent confrontation at a Danville high school football game. Victim Mark Hafen, a student from the rival high school, sustained a concussion and a severely broken leg that required surgery to install a metal pin. Witnesses identified appellant as one of the attackers.

---

[1] Unless otherwise stated, all statutory references herein are to the Welfare and Institutions Code.

On September 30, 1998, the district attorney filed an amended petition against appellant adding a new charge—assault by force likely to produce great bodily injury with an enhancement of inflicting great bodily injury—stemming from the September 11 confrontation.

On January 11, 1999, appellant admitted the felony battery charge, and the district attorney dropped the related misdemeanor battery charge. On March 1, 1999, the juvenile court sustained the assault charge with enhancement against appellant after conducting a full evidentiary trial. In so doing, the juvenile court designated the assault offense as one arising under section 707, subdivision (b). Appellant was thus committed to the California Youth Authority on March 26, 1999, for a maximum term of eight years. Appellant received parole on August 23, 2001, and was honorably discharged on October 23, 2003. As a result, appellant's juvenile court petition was set aside pursuant to section 1772.

On April 14, 2005, appellant, by then a graduate student pursuing an advanced degree, filed a petition asking the juvenile court to seal all records in this case relating to the battery offense. On June 30, 2005, the juvenile court denied his petition on the ground that section 781 precluded sealing the records in a case, like this one, where the juvenile was found to have committed a section 707, subdivision (b) offense. In so ruling, the juvenile court acknowledged appellant appeared rehabilitated and had not subsequently been convicted of a felony or misdemeanor of moral turpitude. Nonetheless, the juvenile court declined appellant's request to seal only those records in the case relating to the nonsection 707, subdivision (b) battery offense. This appeal followed.

## DISCUSSION

■ We review a juvenile court's ruling regarding the release of juvenile records for abuse of discretion. (*In re Gina S.* (2005) 133 Cal.App.4th 1074, 1082 [35 Cal.Rptr.3d 277].) But we independently determine the proper interpretation of a statute. (*Ibid.*) In so doing, we must " 'look to the statute's words and give them their "usual and ordinary meaning." [Citation.]' " (*Id.* at p. 1083, quoting *White v. Ultramar, Inc.* (1999) 21 Cal.4th 563, 572 [88 Cal.Rptr.2d 19, 981 P.2d 944].) We examine the language " ' "in context, keeping in mind the nature and obvious purpose of the statute" ' " and " 'harmoniz[ing] "the various parts of [it] . . . by considering the particular clause or section in the context of the statutory framework as a whole" ' [citation] . . . ." (*In re Charles G.* (2004) 115 Cal.App.4th 608, 614 [9 Cal.Rptr.3d 503], citations omitted.) We avoid interpretations that produce

absurd results, which we presume the Legislature did not intend. (*Ibid.*, citing *People v. Mendoza* (2000) 23 Cal.4th 896, 908 [98 Cal.Rptr.2d 431, 4 P.3d 265].)

The right to have juvenile records sealed is governed by section 781. It provides in relevant part: "(a) In any case in which a petition has been filed with a juvenile court to commence proceedings to adjudge a person a ward of the court . . . , the person or the county probation officer may, five years or more after the jurisdiction of the juvenile court has terminated as to the person, . . . or, in any case, at any time after the person has reached the age of 18 years, petition the court for sealing of the records, including records of arrest, relating to the person's case, in the custody of the juvenile court and probation officer and any other agencies, including law enforcement agencies, and public officials as the petitioner alleges, in his or her petition, to have custody of the records. . . . If, after hearing, the court finds that since the termination of jurisdiction or action pursuant to Section 626, as the case may be, he or she has not been convicted of a felony or of any misdemeanor involving moral turpitude and that rehabilitation has been attained to the satisfaction of the court, it shall order all records, papers, and exhibits in the person's case in the custody of the juvenile court sealed, including the juvenile court record, minute book entries, and entries on dockets, and any other records relating to the case in the custody of the other agencies and officials as are named in the order. . . . *Notwithstanding any other provision of law, the court shall not order the person's records sealed in any case in which the person has been found by the juvenile court to have committed an offense listed in subdivision (b) of Section 707 when he or she had attained 14 years of age or older.*" (§ 781, subd. (a), italics added.)

Here, it is undisputed the juvenile court designated one offense—the assault offense—a section 707, subdivision (b) offense, and that appellant committed that offense after attaining the age of 14. It is also undisputed appellant has been rehabilitated, and has not committed a felony or misdemeanor of moral turpitude since his honorable discharge. The question remains, however, whether section 781 permits the court to seal appellant's records relating to the battery offense, which was not designated a section 707, subdivision (b) offense, in light of the assault charge, which was so designated.

Appellant interprets section 781 to permit sealing of juvenile records relating to an offense not listed under section 707, subdivision (b), where the case also involves a listed offense. He reasons the statute's prohibition against sealing "in any case in which the person has been found by the juvenile court to have committed an offense listed in subdivision (b) of Section 707" refers

to "a single offense, not—as the lower court found—a person's entire juvenile history." According to appellant, under the juvenile court's ruling "once a juvenile defendant is found to have committed a 707(b) offense, he is *never* entitled to section 781 relief, even as to those records of unrelated non-707(b) offenses arising out of different events, at difference times and with different victims."

Appellant reads the juvenile court's ruling too broadly to the extent he suggests it would bar sealing a juvenile's records in other, unrelated cases that do not involve offenses listed in section 707, subdivision (b). Rather, the court's ruling denied sealing *in this case*, based on the presence of an offense listed in section 707, subdivision (b): "There was a 707(b) offense that prohibits the sealing not of a single offense or count in a petition. It prohibits the sealing of the person's records. And this Court does not find it appropriate to seal [appellant's] records."

The juvenile court made its reasoning clear: "[T]he minor has one case before this Court, just as a supplemental petition is filed later, it gets the same case number. . . . [¶] And in this case the Court believes that this is a single person before the Court. Given that this minor was convicted of a 707(b) offense, none of his records can be sealed regardless of what they are, regardless of how or when they were charged."

■ We agree with that reasoning. The statute quite simply prohibits the juvenile court from "order[ing] the person's records sealed in any case in which the person has been found by the juvenile court to have committed an offense listed in subdivision (b) of Section 707." (§ 781, subd. (a).) In this case—Contra Costa County Superior Court case No. J98-01279—appellant was "found by the juvenile court to have committed an offense listed in subdivision (b) of Section 707"—assault by force likely to produce great bodily injury with an enhancement of inflicting great bodily injury. Thus, applying the statutory language's usual and ordinary meaning, the juvenile court properly determined it could not "order [his] records sealed." (§ 781, subd. (a).)

The juvenile court's reasoning is wholly consistent with the statute's purpose. Section 781 was generally enacted "to protect minors from future prejudice resulting from their juvenile records." (*People v. Superior Court (Manuel G.)* (2002) 104 Cal.App.4th 915, 932 [128 Cal.Rptr.2d 794] (*Manuel G.*), citing *In re S. A.* (1970) 6 Cal.App.3d 241, 246 [85 Cal.Rptr. 775].) But the language at issue here—that prohibiting sealing records in any case

where the juvenile committed a section 707, subdivision (b) offense—was added in 2000 under Proposition 21 to further a very different purpose. Voters, according to section 2 of Proposition 21, desired to "eliminat[e] confidentiality in some juvenile proceedings in order to hold juvenile offenders more accountable for their actions." (*Manduley v. Superior Court* (2002) 27 Cal.4th 537, 574 [117 Cal.Rptr.2d 168, 41 P.3d 3], citing Voter Information Guide, Primary Elec. (Mar. 7, 2000) text of Prop. 21, § 2, p. 119.) This "more recent and specific intent underlying Proposition 21's amendments to section 781 prevail[s] over th[e] general intent" recognized when the statute was initially enacted (*Manuel G., supra*, 104 Cal.App.4th at pp. 932–933), and supports the juvenile court's ruling to preclude confidentiality in this case based on the seriousness of appellant's section 707, subdivision (b) assault offense.

That the battery offense in this case occurred on a different date, in a different place and involved different victims does not alter our analysis. The district attorney had authority under Penal Code section 954 to join the assault and battery in the same petition because both were "offenses of the same class of crimes or offenses." (Pen. Code, § 954; cf. *In re Jose H.* (2002) 77 Cal.App.4th 1090, 1094–1095 [92 Cal.Rptr.2d 228] [applying Pen. Code, § 954 to juvenile court proceedings]; see also *People v. Manriquez* (2005) 37 Cal.4th 547, 574 [36 Cal.Rptr.3d 340, 123 P.3d 614] [" '[t]he law prefers consolidation of charges' " where " 'the offenses charged are of the same class' " and defendant makes no " 'clear showing of potential prejudice' "].) In any event, appellant made no motion below to sever the charges. Accordingly, he cannot indirectly challenge their joinder here. (*In re Dakota S.* (2000) 85 Cal.App.4th 494, 501 [102 Cal.Rptr.2d 196].)

We reject respondent's proposed alternative basis for affirming the juvenile court's ruling—that "the conduct underlying appellant's aggravated battery amounted to an aggravated assault rendering it a section 707(b) offense." Respondent points to evidence that, in committing the battery, appellant kicked the victim in the face, causing great bodily injury. But as appellant points out, the juvenile court, in committing appellant to the California Youth Authority, designated only the assault offense, not the battery offense, as a section 707, subdivision (b) offense. (*In re Emilio C.* (2004) 116 Cal.App.4th 1058, 1064 [11 Cal.Rptr.3d 85] ["When a juvenile court commits a minor to the California Youth Authority, the court must specify whether the minor's offense is one covered by . . . section 707, subdivision (b)"], citing Cal. Rules of Court, rule 1494.5(b).) Neither party challenged that ruling below, and so we decline to amend it here. (*In re Dakota S., supra*, 85 Cal.App.4th at p. 501.)

## DISPOSITION

The order denying appellant's motion to seal his juvenile records in this matter is affirmed.

Parrilli, J., and Pollak, J., concurred.