BAMATTRE-MANOUKIAN, J.,
Concurring. — Under the present law, I must concur in the judgment. As a juvenile, G.Y. was found to have committed an offense listed in Welfare and Institutions Code section 707, subdivision (b) and thus he is not eligible to have his juvenile records sealed *1205 pursuant to Welfare and Institutions Code section 781, subdivision (a), even though his original offense was subsequently reduced to a misdemeanor.
In 2000, the electorate enacted Proposition 21, which amended Welfare and Institutions Code section 781, subdivision (a) to prohibit the sealing of records for offenses listed in Welfare and Institutions Code section 707, subdivision (b). The goal was to “ ‘eliminat[e] confidentiality in some juvenile proceedings in order to hold juvenile offenders more accountable for their actions.’ [Citation.]” (In re Jeffrey T. (2006) 140 Cal.App.4th 1015, 1021 [44 Cal.Rptr.3d 861].)
In enacting the amendment to Welfare and Institutions Code section 781, subdivision (a) in 2000, the electorate clearly did not contemplate an individual such as G.Y., who has so greatly and unquestionably rehabilitated and distinguished himself. G.Y. has not merely refrained from any further criminal conduct but has served his country with distinction and honor, obtained a college degree (making the dean’s list and the honors list), and had his offense reduced to a misdemeanor with the concurrence of the district attorney’s office. While certainly G.Y.’s juvenile offenses were serious, the juvenile justice system is geared primarily toward rehabilitation. “ ‘[T]he purpose of the juvenile justice system is “(1) to serve the ‘best interests’ of the delinquent ward by providing care, treatment, and guidance to rehabilitate the ward and ‘enable him or her to be a law-abiding and productive member of his or her family and community,’ and (2) to ‘provide for the protection and safety of the public (In re Greg F. (2012) 55 Cal.4th 393, 417 [146 Cal.Rptr.3d 272, 283 P.3d 1160].)
The record indicates that G.Y. has rehabilitated himself to an extraordinary degree and that he no longer presents any risk to the public. In granting G.Y.’s request that his offense be reduced to a misdemeanor, the trial court noted that because of what he had “done for our community and our citizens [,] . . . anything that blocks you from serving in the capacity that you wish to with youth should be eradicated and all obstacles removed.” In finding it had no authority to grant G.Y.’s sealing request, the trial court commended G.Y. for his efforts “and the better life that you have so ably demonstrated,” and the court noted it hoped for a change in the law.
While I understand and appreciate the goal of the electorate in enacting the 2000 amendment to Welfare and Institutions Code section 781, subdivision (a), G.Y. clearly does not fall within the spirit of what the electorate intended. Providing an individual such as G.Y. with the opportunity to have his juvenile record sealed would not conflict with that spirit. However, under the present statutory scheme, G.Y. is precluded from obtaining that relief. I urge the Legislature to provide juvenile courts with the discretion to enable individuals *1206 like G.Y., who has so greatly and unquestionably rehabilitated and distinguished himself, to have their juvenile records sealed.[1]
On March 5, 2015, the opinion was modified to read as printed above. Appellant’s petition for review by the Supreme Court was denied June 10, 2015, S225009.

 An uncodified section of Proposition 21 provides: “The provisions of this measure shall not be amended by the Legislature except by a statute passed in each house by rollcall vote entered in the journal, two-thirds of the membership of each house concurring, or by a statute that becomes effective only when approved by the voters.” (Prop. 21, Primary Elec. (Mar. 7, 2000), § 39.) Thus, the Legislature may amend Proposition 21’s statutory provisions without voter approval, but only by a two-thirds vote of each house. (See Cal. Const., art. n, § 10, subd. (c).)