Filed 11/6/17

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re W.R., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, Plaintiff and Respondent, v. W.R., Defendant and Appellant. | A150435 (San Francisco County Super. Ct. No. JW14-6119) |

**INTRODUCTION**

Minor W.R. appeals from the San Francisco Superior Court's order denying his motion to seal certain records pursuant to Welfare and Institutions Code section 786.[1] This appeal involves the meaning of the phrase "in the case" used in several subsections of that statute. We find that the phrase does not reference the entire juvenile court file, as the minor contends. Nevertheless, we conclude for other reasons the court should have sealed the records in a case dismissed as part of a plea bargain with another case; had the discretion under section 786, subdivision (e)(1) to seal the records pertaining to another petition in which the allegations were found not true; but did not have the discretion under section 786, subdivisions (b) or (e)(1) to seal the records pertaining to a petition filed subsequent to the last petition for which the minor was placed on probation. However, as to that petition, the minor may seek to have his records sealed pursuant to

---

[1] All subsequent statutory references are to the Welfare and Institutions Code unless otherwise indicated.

section 781.  Thus, we reverse in part and affirm in part the court's orders and remand for further proceedings consistent with the views expressed in this opinion.

## STATEMENT OF THE CASE[2]

### A.  Original San Mateo County Petition No. 82358.

"On January 15, 2013, the San Mateo County District Attorney filed an original wardship petition under Welfare and Institutions Code section 602 charging appellant with possession of a dirk or dagger (Pen. Code, § 21310, count 1), battery (Pen. Code, § 242, count 2), and resisting arrest (Pen. Code, § 148, subd. (a)(1), count 3).  At his jurisdictional hearing, appellant admitted a violation of count 1, with the remaining counts dismissed.  At his disposition hearing, the court found minor a ward of the court and removed custody from his parents but ordered him to reside with his mother under the supervision of the Family Preservation Program."  (*In re W.R.*, *supra*, A144659/A145118, at p. *2.)

### B.  Second San Mateo County Petition No. 82358.

"On July 24, 2013, the San Mateo District Attorney filed a second wardship petition accusing appellant of vandalism (Pen. Code, § 594, subd. (b)(2)(A)).  The minor admitted the charge on August 14, 2013.  Minor's supervision under the Family Preservation Program was extended and he was detained at the Youth Services Center for 24 consecutive days."  (*In re W.R.*, *supra*, A144659/A145118, at p. *2.)

---

[2] On our own motion, we take judicial notice of our prior unpublished opinion in this case (*In re W.R.* (Jan. 6, 2016, A144659/145118 [nonpub. opn.]).  Parts of our factual summary are drawn from that opinion.  Citation of our prior unpublished opinion is permitted by California Rules of Court, rule 8.1115(b)(1) "to explain the factual background of the case and not as legal authority."  (*Pacific Gas & Electric Co. v. City and County of San Francisco* (2012) 206 Cal.App.4th 897, 907, fn. 10; *The Utility Reform Network v. Public Utilities Com.* (2014) 223 Cal.App.4th 945, 951, fn. 3; *Conrad v. Ball Corp.* (1994) 24 Cal.App.4th 439, 443, fn. 2 [discussing Cal. Rules of Court, former rule 977(a).)  Further factual or procedural details are included as needed to address defendant's arguments.

**C. Probation Violation Petitions in San Mateo County No. 82358.**

"The probation officer filed a notice of probation violation against appellant under . . . section 777, subdivision (a) on December 19, 2013. The petition alleged minor failed to attend the Community Care Program, was truant in school attendance, failed to observe curfew, and tested positive for marijuana. The minor admitted the truancy violation and the court dismissed the remaining allegations. As a result of the violation, the court ordered 30 consecutive days of detention.

"On March 5, 2014, the juvenile probation department filed a new notice of probation violation. The notice alleged continued truancy, failure to attend Community Care Program, failure to follow his curfew restrictions, and positive tests for marijuana use. The minor admitted to truancy and the remaining contentions were dismissed. He was ordered detained for 45 consecutive days and the court terminated the original condition placing the minor in the Family Preservation Program. On April 17, 2014, the court permitted the minor to reside with his father at his home, as well as with his mother at her residence, after the probation officer agreed with the recommendation.

"The San Mateo Superior Court ordered the minor's case transferred to San Francisco on April 28, 2014. *San Francisco County did not accept the transfer and the case went back to San Mateo County on May 19, 2014.*" (*In re W.R.*, *supra*, A144659/A145118, at pp. *2–*3, italics added.)

**D. Third Petition Filed in San Francisco County No. JW14-6119.**

"On September 5, 2014, the San Francisco District Attorney filed a third wardship petition charging appellant with robbery (Pen. Code, § 211, count 1), assault by force likely to cause great bodily injury (Pen. Code, § 245, subd. (a)(4), count 2), and false personation (Pen. Code, § 148.9, subd. (a), count 3). After a contested jurisdiction hearing, the trial court found the allegations *not true and returned the case back to San Mateo County on October 1, 2014.*" (*In re W.R.*, *supra*, A144659/A145118, at p. *3, italics added.)

**E. Fourth and Fifth Petitions Filed in San Mateo County No. 82358.**

"A fourth wardship petition was filed on October 3, 2014, alleging false personation (Pen. Code, 148.9, subd. (a)), possession of vandalism tools (Pen. Code, § 594.2, subd. (a)) and possession of cigarettes (Pen. Code, § 308, subd. (b)). A fifth wardship petition was filed in the same county on October 9, 2014, for possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)) and resisting arrest (Pen. Code, § 148, subd. (a)(1)). On October 24, 2014, the minor admitted the possession charge in the fifth petition and the remaining allegations were dismissed." (*In re W.R.*, *supra*, A144659/A145118, p. *3.)

**F. Sixth Petition Filed in San Mateo County No. 82358 and Transferred to San Francisco County for Disposition.**

"A new petition was filed on December 9, 2014. It alleged vandalism (Pen. Code, § 594, subd. (d)(2)). The minor admitted the charge at the initial hearing on December 15, 2014. The San Mateo court transferred the case to San Francisco and San Francisco accepted the transfer. On January 23, 2015, the court continued the minor as a ward but ordered out-of-home placement. Appellant filed a timely appeal." (*In re W.R.*, *supra*, A144659/A145118, at pp. 3*–*4.) *All six petitions were transferred to San Francisco under case No. JW14-6119.*

**G. Denial of Motion to Modify Disposition.**

"On April 20, 2015, the minor moved to modify the order imposing out-of-home placement. He alleged changed circumstances pursuant to . . . section 778. The court denied his motion on April 30, 2015. The minor filed a timely appeal." (*In re W.R.*, *supra*, A144659/A145118, at p. *4.) The two appeals, case Nos. A144659 and A145118, were consolidated. (*In re W.R.*, at p. *1, fn.1.) This court affirmed the juvenile court's orders on January 6, 2016. (*In re W.R.*, at p. *8.)

**H. Seventh Petition Filed in San Francisco County No. JW14-6119.**

On October 6, 2015, while the minor was in custody in San Francisco's juvenile hall awaiting placement, the San Francisco County District Attorney filed a wardship

petition charging the minor, age 16, with assault by means of force likely to cause great bodily injury, a felony. (Pen. Code, § 245, subd. (a)(4).) The court found the minor not competent to stand trial and suspended proceedings on December 4, 2015.

On February 8, 2016, the San Francisco County juvenile court ordered the minor placed at Summit Academy in Pennsylvania.[3] The minor was transported to Pennsylvania on March 8, 2016, and returned to San Francisco on September 9, 2016. On October 11, 2016, the minor was detained pending completion of a new competency evaluation. Home detention, previously revoked, was reinstated. Pursuant to a new competency evaluation filed November 17, 2016, the court again found the minor incompetent to stand trial on the October 6, 2015 petition.

## I. Motion to Dismiss Petitions.

On November 17, 2016, the minor filed a motion in San Francisco County juvenile court to seal his juvenile court records. (§ 786.) At a hearing on November 21, 2016, minor's counsel made an oral motion to dismiss the minor's October 6, 2015 petition pursuant to section 782. Regarding "the pending petitions," the deputy district attorney argued for unsuccessful termination of probation. With respect to the section 782 dismissal, she had no opinion and submitted the matter.

The court observed that the minor was "doing really well" and "working really hard," was "testing clean," had "really improved" his attendance and behavior at school, and was participating with the Center on Juvenile and Criminal Justice Case Management and Wraparound Services. With respect to the motion to seal records under section 786, the court terminated the misdemeanor probation terms satisfactorily, "given how well you've been doing since being released on home detention and given that you did

---

[3] On March 7, 2016, the minor filed a petition for writ of mandate and/or prohibition and stay request to prevent his imminent removal to Pennsylvania. (*W.R. v. Superior Court*, A147657.) Although this court issued an order granting the stay on March 7, 2016, the order did not reach the juvenile court before the minor left for Pennsylvania.

complete a program, you have your difficulty with the program, for sure. But you weren't kicked out of the program and the program indicated that there was improvement over the period of the program." The court also granted the motion to dismiss under section 782 "the single felony count that you picked up while you were in custody here." The court deferred ruling on the minor's motion to seal his juvenile records.

At a hearing on January 4, 2017, the district attorney argued that section 786 did not authorize the sealing of the minor's records pertaining to the October 2015 petition because "the plain reading of the statute indicates that the minor has to . . . have successfully or satisfactorily completed probation, 602 probation or have been on 725 probation, or have been on a grant of informal probation. [¶] . . . [H]e was only on probation for the cases where he was competent. So this case does not fall under 786 just by the plain reading because he was never on 602 probation, or 725, or 654. So I don't believe that just by the plain reading of the statute that a 786 should be granted for the petition." The minor's counsel argued that nothing in section 786 precluded the court from granting record sealing because the minor did, in fact, successfully complete probation for all the petitions included in his unitary juvenile case file when he completed the program in Pennsylvania while he was incompetent to stand trial on the 2015 petition, and it "just doesn't seem equitable" not to include it.

The juvenile court granted the minor's request under section 786 to seal his records from the "petitions dated 1/15/13, 7/24/13, 12/19/13, 3/5/14, 10/9/14 and 12/9/14." The court did not mention, or dismiss, or seal the records pertaining to the petition filed in San Francisco on September 5, 2014, which was not sustained, or the petition filed in San Mateo County on October 3, 2014, which was dismissed as part of a negotiated disposition with the petition filed in that county on October 9, 2014. The court declined to seal the records pertaining to the October 2015 petition, which it had dismissed pursuant to section 782. The court stated: "I agree with the district attorney that whether it's a position that this court can infer is certainly not clear by the statute.

6

It's silent on this type of dismissal.  And given that it's not silent on different—other types of probation, the court is not going to guess that a 782 falls within this."  This appeal follows.

## DISCUSSION

The issues on appeal include whether section 786 requires (1) the sealing of records pertaining to a petition dismissed under section 782 in the interest of justice, for which the minor was never placed on probation, but which was part of the corpus of the minor's juvenile court file while the minor was on probation under other petitions; (2) the sealing of records pertaining to a prior petition which was dismissed pursuant to a plea bargain involving an admission in another petition, for which the minor was placed on probation; and (3) the sealing of a prior petition for which the minor was never placed on probation because the allegations of the petition were not sustained.  Noting that all of the minor's petitions were eventually transferred to and subsumed under San Francisco County Juvenile Court case No. JW14-6119, the minor argues that "in the case" means the minor's entire juvenile case file under that number.  (See *In re Jose S.* (2017) 12 Cal.App.5th 1107, 1119 [§ 781].)  Thus, as long as the minor satisfactorily completed juvenile probation in his case, the record sealing required by the statute encompasses all the accumulated records in the minor's juvenile case file.  The Attorney General argues the only records subject to sealing are those pertaining to a specific dismissed petition for which the minor was placed on probation.[4]  Both parties argue that the plain language of section 786, subdivisions (a) and (b), supports their position.

_____

[4] Both parties refer to the minor's October 2015 petition, on which he was found incompetent to stand trial before it was dismissed, as "unadjudicated."  To adjudicate means "to make an official decision about who is right in (a dispute): to settle judicially." (<https://www.merriam-webster.com/dictionary/adjudicate> [as of Nov. 6, 2017, 2017].) The court made a judicial decision, on the minor's motion and with the district attorney's consent, to settle the matter by dismissing the petition in the interests of justice.  (§ 782.) In this sense, the petition was adjudicated.

7

Section 786 requires the court, upon the satisfactory completion of probation (formal or informal), to "order the petition dismissed" and further "order sealed all records *pertaining to that dismissed petition* in the custody of the juvenile court, and in the custody of law enforcement agencies, the probation department, or the Department of Justice." (§ 786, subd. (a), italics added.) And, "[u]pon the court's order of dismissal *of the petition,* the arrest and other proceedings *in the case* shall be deemed not to have occurred." (§ 786, subd. (b), italics added.)

We review the trial court's decision under section 786 for abuse of discretion. (*In re A.V.* (2017) 11 Cal.App.5th 697, 711 (*A.V.*).) However, we review a question of statutory construction de novo. (*In re Jeffrey T.* (2006) 140 Cal.App.4th 1015, 1018.) "We start with the statute's words, which are the most reliable indicator of legislative intent. [Citation.] 'We interpret relevant terms in light of their ordinary meaning, while also taking account of any related provisions and the overall structure of the statutory scheme to determine what interpretation best advances the Legislature's underlying purpose.' " (*In re R.T.* (2017) 3 Cal.5th 622, 627.)

In *A.V.*, *supra*, 11 Cal.App.5th 697, this court recently considered " ' "the legislative history of the statute and the wider historical circumstances of its enactment" ' " (*id*. at p. 705) to ascertain the legislative intent behind section 786.[5] We noted that section 786 was enacted in 2014 "to address a 'serious shortcoming of our juvenile justice system.' " (*A.V.*, at p. 707.) Existing procedures for sealing juvenile records "often involved 'lengthy delays as well as significant costs . . .' " and many affected youth remained " 'unaware of their right to seal their juvenile record, or [were] unable to complete the process due to procedural, logistical or financial barriers.' " (*Ibid*.) The purpose of section 786 was to " 'streamlin[e] the process for sealing a

---

[5] Because the court below ruled on the minor's motion to dismiss and seal in 2017, the 2017 version of the statute governs here. *A.V.* considered the 2016 version of the statute, but the differences between the 2016 and 2017 versions do not affect our analysis. (See *A.V., supra*, 11 Cal.App.5th at p. 709, fn. 4.)

juvenile's record. . . .' [Citation.] 'In doing so, this bill will further the dual purposes of the juvenile justice system: rehabilitation and reintegration, by better ensuring that juveniles have a clear pathway to clearing their records, when in compliance with existing statutory and probationary requirements. The bill recognizes the established role of California's Juvenile Courts as institutions of reform, not punishment, and will help individuals with juvenile records to find and hold jobs, and become fully functioning members of society.' " (*A.V.,* at p. 707, quoting Sen. Com. on Public Safety, Analysis of Sen. Bill No. 1038 (2013-2014 Reg. Sess.) as amended Mar. 28, 2014, p. 7.)

Section 786 was amended in 2015 by Assembly Bills Nos. 666 (Stats. 2015, ch. 368, § 1, p. 3442) and 989 (Stats. 2015, ch. 375; § 1.5, p. 3465.) (*In re A.V.*, *supra*, 11 Cal.App.5th at p. 708.) With respect to the issues under consideration here, Assembly Bill No. 666 added subdivision (e)(1), which states: "The court may, in making its order to seal the record and dismiss *the instant petition* pursuant to this section, include an order to seal a record relating to, or to dismiss, any prior petition or petitions that *have been filed* or sustained against the individual and that appear to the satisfaction of the court to meet the sealing and dismissal criteria otherwise described in this section." (Italics added.)

This subdivision has remained a feature of the statute through later amendments. Commonweal, a sponsor of both Assembly Bill No. 1038 and Assembly Bill No. 666 wrote in support of this provision: "A new amendment to [Assembly Bill No.] 666 would permit the court to order the sealing and dismissal of prior petitions the individual may have, so long as the court determines that the person has met all other Section 786 criteria for sealing and dismissal in relation to the prior petitions. This discretion to seal priors would apply only in cases where the current petition (in an active probation case) is before the court. It would not apply retroactively by requiring the Court to initiate sealing in older cases. The added burden of sealing priors in a case that is already before the court under Section 786 is viewed as minimal. Defense counsel in particular have

9

identified the need to be able to seal prior petitions in qualifying cases in order to meet the fundamental [Senate Bill No.] 1038 policy goal of opening pathways to employment and education for children who have completed their justice system obligations. The authorizations to seal prior petitions, added at a new subdivision (e), is entirely discretionary and would be applied only if the court determines that the prior petitions merit sealing by meeting all [section] 786 sealing requirements." (June 12, 2015 letter to Hon. Loni Hancock, Chair, Sen. Pub. Safety Com., from David Steinhart, Director, Commonweal Juvenile Justice Program, p. 5.) We note that Senate Bill No. 666 also added new subdivisions (f)(1)(C) and (D), which limit what information can be disclosed "[i]f a *new* petition has been filed against the minor for a felony offense" (§ 786, subd. (f)(1)(C), italics added), and "[u]pon a *subsequent* adjudication of a minor whose record has been sealed under this section and finding that the minor is a person described by Section 602 based on the commission of a felony offense." (§ 786, subd. (f)(1)(D).)

Our task is to " ' "harmonize 'the various parts of a statutory enactment . . . by considering the particular clause or section in the context of the statutory framework as a whole." ' " (*A.V., supra*, 11 Cal.App.5th at p. 705.) We see nothing in the language of the statute or the legislative history of Senate Bill No. 666 to suggest that the phrase "in the case," as used in section 786, subdivisions (a) and (b), means the entire juvenile court file. Viewed in its ordinary syntactic context, "in the case" clearly tethers the records to be sealed to the dismissed petition. This same meaning appears elsewhere in the statute. (See, e.g., § 786, subd. (f)(1)(H) ["Access to the sealed record under this subparagraph shall not be construed as a modification of the court's order *dismissing the petition and sealing the record in the case*," italics added]; § 786, subd. (f)(1)(D) ["Access, inspection, or use of a sealed record as provided under this subparagraph shall not be construed as a reversal or modification of the court's order *dismissing the petition and sealing the record in the <u>prior</u> case*," italics and underscoring added.)

10

Viewed as a whole, the language used in these subdivisions strongly suggests that the records to be sealed are those pertaining to a particular petition: a petition for which probation was imposed and satisfactorily completed or, under section 786, subdivision (e)(1), a *prior* petition either *filed* or sustained, and that otherwise appears to the satisfaction of the court to meet the sealing and dismissal criteria described in section 786. The inclusion of the word "filed" signals that the disposition of a petition—i.e., whether it was dismissed or resulted in its own grant of probation—is not dispositive if other prerequisites are met. But, as currently written, the streamlined sealing procedure codified in section 786 does not reach a petition that was filed *subsequently* to the last petition for which the minor was placed on probation, and which did not result in a grant of probation.

Our conclusion means the juvenile court had the discretion under section 786, subdivision (e)(1) to seal the records pertaining to the petition *filed* in San Francisco on September 5, 2014, which was not sustained, and therefore could never have resulted in a grant of probation. For the same reasons, the court certainly had the discretion under section 786, subdivision (e)(1) to dismiss the prior petition *filed* in San Mateo County on October 3, 2014, which was dismissed as part of a negotiated disposition with a petition filed on October 9, 2014, for which the minor was placed on probation.[6] Considering the minor was essentially on a continuous grant of probation for all of his sustained petitions when he was sent to, and satisfactorily completed, the program in Pennsylvania, there were equities to be considered, but the court did not consider them because, so far as our record shows, the court was not aware of its discretion in this regard.

---

[6] The Attorney General argues we should not consider the minor's argument concerning the October 3, 2014 petition because he did not raise it below. However, since the issue involves a purely legal question decided on undisputed facts, we exercise our discretion to address the minor's contention. (*In re I.F.* (2017) 13 Cal.App.5th 679, 687.)

However, in our view, the court was required to seal the records pertaining to the October 3, 2014 petition under section 786, subdivisions (a) and (b) for the reasons identified in *In re G.F.* (2017) 12 Cal.App.5th 1 (*G.F.*). There, upon the prosecutor's motion, the section 602 petition was dismissed and the minor was placed on informal supervision pursuant to section 654, instead of section 654.2. After he satisfactorily completed his program of informal supervision, he moved to seal his records pursuant to section 786. The prosecutor opposed the motion, on the ground section 786 did not apply because the minor did not complete a program of supervision under 654.2, as specified in section 786. The trial court found the equities with the minor, but the law with the district attorney, and denied the motion. (*G.F.*, at p. 4.)

The Court of Appeal reversed, finding that supervision under sections 654 and 654.2 were, in that case, essentially indistinguishable, the dismissal procedure employed by the prosecutor was not contemplated by the statutory scheme, and the minor was not told, when he acquiesced to the dismissal under section 652, that his lack of opposition would result in the loss of his right to record sealing under section 786. (*G.F.*, *supra*, 12 Cal.App.5th at p. 6.) The court concluded the minor's entitlement "to relief under section 786 is also consistent with the purpose of the statute, which is to provide a streamlined sealing process for minors who satisfactorily complete a program of supervision or term of probation after a delinquency petition has been filed against them. (*In re Y.A.* (2016) 246 Cal.App.4th 523, 526–528.) The People cannot deprive minors of their right to this relief simply by initiating a premature dismissal of their section 602 petitions pursuant to a 'motion' that is contrary to the controlling statutory scheme." (*G.F.*, at p. 7.)

The difference between *G.F.* and this case is that in *G.F.*, the prosecutor employed an unconventional dismissal procedure and here the prosecutor employed a conventional one: instead of filing one petition which included all of the charges, dismissing some charges and securing a plea to one charge which resulted in a probationary grant, the

prosecutor filed two petitions a few days apart and then negotiated a plea bargain which resulted in the dismissal of all the charges in one petition and the minor's continuation on probation pursuant to an admission of wrongdoing in the other petition. When consenting to the plea bargain, the minor was not informed he would be waiving his future right to relief under section 786 if he satisfactorily completed probation. In our view, the minor should not forfeit his rights under subdivision (b) of section 786 because the prosecutor chose to file two separate petitions, which resulted in one grant of probation. We do not constrain in any way the prosecutor's discretion to proceed as he or she sees fit with respect to the filing, consolidation, or negotiation of delinquency petitions. But we also do not approve a formalistic approach to pleading that results in the frustration rather than the furtherance of the salutary purposes of section 786 when the minor satisfactorily completes a probationary grant imposed pursuant to the simultaneous disposition of two unconsolidated petitions.

*People v. Soria* (2010) 48 Cal.4th 58, which held that for the purpose of assessing separate restitution fines in adult criminal cases, "[u]nconsolidated cases resolved jointly by plea bargain remain formally distinct," does not compel a different result. (*Id.* at p. 64.) "[T]he juvenile wardship system and the adult criminal system are two distinct systems, the two systems use different terminology, and their underlying purposes have a different focus." (*Alejandro N. v. Superior Court* (2015) 238 Cal.App.4th 1209, 1219.) For example, in juvenile court "it has long been the practice to file successive juvenile petitions under a single case number . . . [which] has important practical considerations. It allows the court to keep track of the minor's progress (or lack thereof), to determine whether ordered rehabilitative programs are succeeding or failing and whether new ones should be tried, and to aggregate offenses in order to extend the maximum term of confinement for a new offense where the minor appears to be sliding toward incorrigibility." (*In re Kasaundra D.* (2004) 121 Cal.App.4th 533, 540–541.) In our view, this distinction warrants treating the disposition of two petitions, resulting in the

continuation or grant of probation which the minor ultimately completes to the court's satisfaction, as one petition for the purposes of record sealing under section 786, whether or not the petitions were formally consolidated. We therefore reverse and remand to the juvenile court to issue an order sealing the records pertaining to the October 3, 2014 petition.

We also conclude, however, that section 786 as currently configured does not authorize the juvenile court to seal the records pertaining to the minor's October 2015 petition, which the court dismissed in the interests of justice (§ 782). It is true the minor was on probation for other offenses when the charge underlying that petition arose, and when he was sent to Pennsylvania. However, because it was not a petition for which probation was granted, and was not filed prior to the last petition for which probation was granted, he was not entitled to dismissal or record sealing under section 786. Nevertheless, as we are informed the minor has attained the age of 18, on remand the juvenile court may consider sealing the minor's records pertaining to the October 2015 petition pursuant to section 781. We also reverse and remand to the trial court so that it may exercise its broad discretion under section 786, section (e)(1) with respect to the September 5, 2014 petition.

### DISPOSITION

The juvenile court's order denying the minor's request to seal records pertaining to the October 2015 petition, which was dismissed pursuant to section 782 in the interest of justice, is affirmed. The juvenile court's order denying the minor's request to seal records pertaining to the September 5 and October 3, 2014 petitions is reversed. The matter is remanded for (1) reconsideration of the minor's request for dismissal and/or sealing of the prior petition filed on September 5, 2014, under section 786, subdivision (e)(1); (2) for consideration of minor's request for sealing of the October 2015 petition under section 781; and (3) for the issuance of an order to seal the records pertaining to the October 3, 2014 petition, in light of the views expressed in this opinion.

14

_____
Dondero, J.

We concur:

_____
Margulies, Acting P. J.

_____
Banke, J.

*A150435  In re W.R./People v. W.R.*

15

Trial Court:        San Francisco County Superior Court

Trial Judge:        Hon. Linda Colfax

Counsel:

Jeffrey A. Glick, under appointment of the Court of Appeal under the First District Appellate Project, Independent Case System.

Xavier Becerra, Attorney General, Gerald A. Engler and Jeffrey M. Laurence, Assistant Attorneys General, Donna M. Provenzano and Christina Vom Saal, Deputy Attorneys General, for Plaintiff and Respondent.