Filed 8/3/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re A.B., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br>          Plaintiff and Respondent,<br>v.<br><br>A.B.,<br>          Defendant and Appellant. | A165499<br><br>(Contra Costa County<br>Super Ct. No. J09-01517) |

The juvenile court granted a petition to seal A.B.'s juvenile records and ordered five government agencies to seal any records in their custody. A few months later, A.B. petitioned to seal additional records in the possession of agencies not subject to the initial sealing order. Although the petition was unopposed, the juvenile court denied it, ruling that it lacked authority to seal additional records after granting the original petition. A.B. appeals from the latter order. We agree with A.B. and the People (who concede the issue) that the juvenile court misconstrued Welfare and Institutions Code section 781.[1] The statute allows a court to grant a petition to seal documents not addressed in an earlier petition. Accordingly, we reverse and remand.

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

## BACKGROUND

### A.

"Section 781 provides for a noticed petition procedure for sealing a person's juvenile court records and related records in the custody of the probation department, law enforcement agencies, and other agencies." (*In re O.C.* (2019) 40 Cal.App.5th 1196, 1204; accord, § 781, subd. (a)(1)(A).) To obtain relief, the petition "is required to show that, since the juvenile court's jurisdiction was terminated . . . , the person was not convicted of a felony or a misdemeanor involving moral turpitude, and the person has attained rehabilitation to the satisfaction of the court." (*In re O.C.,* at p. 1200.) Once the juvenile records are sealed, "the proceedings in the case shall be deemed never to have occurred." (§ 781, subd. (a)(1)(A); *S.V. v. Superior Court* (2017) 13 Cal.App.5th 1174, 1181.)

### B.

In 2009, when A.B. was 13 years old, the Contra Costa County District Attorney filed a juvenile wardship petition (§ 602, subd. (a)) against him. A.B. pled no contest to two charges, was declared a ward of the juvenile court, and was placed on probation. The juvenile court successfully terminated his probation and wardship in 2014.

Almost eight years later, A.B. and the Contra Costa County Probation Department petitioned to have his juvenile court and public agency records sealed, pursuant to section 781. In support of his request, A.B. stated that, since his juvenile adjudication, he had not sustained any criminal convictions; had married and produced a child; and had remained steadily employed in the information technology sector. The People did not oppose the petition.

In January 2022, the juvenile court granted the petition, finding that A.B. had been rehabilitated "and seems to be

2

thriving in his life." The court also found that A.B.'s offenses were not listed in section 707, subdivision (b). (See § 781, subd. (a)(1)(D).) In addition to sealing its own records, the court ordered the five government agencies listed in the petition to seal and ultimately destroy any of A.B.'s juvenile records in their custody.

About three months after the sealing order was entered, A.B. discovered that several public agencies not subject to the original sealing order had retained and were able to access his juvenile records.

A.B. petitioned to seal these additional agency records, pursuant to section 781. Again, the People did not oppose the petition. After a hearing, the juvenile court denied A.B.'s supplemental petition, concluding that it lacked the authority to seal additional records after the initial sealing order was entered in January 2022.

The juvenile court agreed that, had the additional agencies been listed in A.B.'s first petition, they would have been ordered to seal their records. But it denied the second petition, explaining: "I think it's truly an issue of timing. . . . [B]ecause [A.B.'s juvenile] records are in fact sealed at this time, I have no access except under very limited circumstances that do not pertain here to access the records, so I don't believe I have the ability to seal further records after a sealing order has been issued. . . . [¶] . . . I do think this is an issue of once records are ordered sealed, except under extremely limited purposes, the Court has no access to do anything further after the sealing has occurred."

## DISCUSSION

### A.

A.B. maintains, and the People concede, that the juvenile court erred by concluding it lacked authority to seal records from

3

additional agencies after entry of the initial sealing order.  We agree.

## 1.

We generally review a juvenile court's ruling on the sealing of juvenile records for abuse of discretion.  (*In re Jeffrey T.* (2006) 140 Cal.App.4th 1015, 1018.)  Here, however, our review is de novo because this case involves a question of statutory interpretation.  (*Ibid.*)

We apply the familiar rules of statutory interpretation.  Our central task is to effectuate the law's purpose, as intended by the Legislature.  We focus initially on the language of the statute, being careful to harmonize its terms in the context of the statutory framework as a whole.  We avoid constructions that would produce absurd outcomes, which we assume the Legislature did not intend.  (*In re Greg F.* (2012) 55 Cal.4th 393, 406.)  The plain meaning of the language controls our analysis unless it is ambiguous, in which case we consider extrinsic aids such as the legislative history, the evils to be remedied, and public policy.  (*People v. Garcia* (2002) 28 Cal.4th 1166, 1172.)

Section 781, subdivision (a)(1)(A), provides (in relevant part):  "[I]n any case *at any time after* the person has reached 18 years of age, [the person or the county probation officer may] petition the court for sealing of the records, including records of arrest, relating to the person's case, in the custody of the juvenile court and probation officer and *any other agencies*, including law enforcement agencies, entities, and public officials *as the petitioner alleges, in the petition, to have custody of the records.* . . . If, after hearing, the court finds that since the termination of jurisdiction . . . the person has not been convicted of a felony or of any misdemeanor involving moral turpitude and that rehabilitation has been attained to the satisfaction of the court, it *shall order* all records, papers, and exhibits in the person's case in the custody of the juvenile court *sealed*, including the juvenile

4

court record, minute book entries, and entries on dockets, *and any other records relating to the case in the custody of the other agencies, entities, and officials as are named in the order.* Once the court has ordered the person's records sealed, the proceedings in the case shall be deemed never to have occurred, and the person may properly reply accordingly to any inquiry about the events, the records of which are ordered sealed." (Italics added.)

## 2.

Although the statute does not expressly state whether a supplemental or amended petition is permitted, we agree with A.B. and the People that section 781 does not bar such a petition (when the first fails to seal all juvenile records) and that, on A.B.'s request, the juvenile court was authorized to access his records. The juvenile court erred by ruling otherwise.

The statute explicitly allows a qualifying person with juvenile records, such as A.B., to file a petition to seal such records "at any time" after age 18. (§ 781, subd. (a)(1)(A).) If, as here, the court finds that the person has not been convicted of a felony, or of any disqualifying misdemeanor, and that they have been rehabilitated to the court's satisfaction, the court "shall order" the records to be sealed. (*Ibid.*) Nothing in the statute limits the qualifying person to a single petition. When a juvenile offender's initial section 781 petition is *denied*, they may file a subsequent petition. (See *In re J.W.* (2015) 236 Cal.App.4th 663, 670.) Likewise, a successful petition poses no barrier.

To the extent the statute is ambiguous, our interpretation is consistent with the legislative intent underlying section 781: " 'to protect minors from future prejudice resulting from their juvenile records.' " (*In re Jeffrey T., supra*, 140 Cal.App.4th at p. 1020.)[2] Giving rehabilitated juvenile offenders a clean slate also

---

[2] A.B. asked that we take judicial notice of legislative history for sections 781 and 786. We deny the request because it

5

serves one of the main objectives of the juvenile delinquency system—rehabilitation.  (See § 202, subd. (b); *In re Carl N.* (2008) 160 Cal.App.4th 423, 432.)

Adopting the juvenile court's construction would arbitrarily frustrate the statutory purpose.  A mistake by a juvenile offender's attorney or by the probation department—which is tasked with identifying all agencies having custody of the person's juvenile records (Cal. Rules of Court, rule 5.830(a)(4))[3]— would be forever irremediable.  When a rehabilitated juvenile offender is eligible for section 781 relief, no purpose is served by permanently barring them from correcting an omission in the initial petition.

Finally, to the extent the juvenile court needed to inspect any sealed records (such as the underlying case file) to rule on the supplemental petition, it had authority to do so.  (See § 781, subd. (a)(4) [allowing the "person who is the subject of records sealed pursuant to this section . . . to permit inspection of the records"]; *T.N.G. v. Superior Court* (1971) 4 Cal.3d 767, 777, fn. 12 ["[s]ection 781 envisions that a sealed record may be opened for inspection upon the petition of the juvenile concerned"].)

---

is unnecessary to seek judicial notice of published legislative history.  (*Quelimane Co. v. Stewart Title Guaranty Co.* (1998) 19 Cal.4th 26, 45, fn. 9.)  "Citation to the material is sufficient." (*Ibid.*)

[3] "[T]he probation officer must do all of the following: [¶] (A) Prepare the petition; [¶] (B) Conduct an investigation under section 781 and *compile a list of* cases and *contact addresses of every agency or person that the probation department knows has a record of the ward's case*-including the date of each offense, case number(s), and date when the case was closed-to be attached to the sealing petition; [¶] (C) Prepare a report to the court with a recommendation supporting or opposing the requested sealing; and [¶] . . . ."  (Cal. Rules of Court, rule 5.830(a)(4), italics added.)

6

The juvenile court erred by concluding it lacked authority to grant a supplemental petition under section 781.

## DISPOSITION

The order denying A.B.'s supplemental petition to seal is reversed. Because the juvenile court has already found that A.B. is eligible for relief, the matter is remanded to the juvenile court with directions to grant the petition. The court shall provide a copy of its order to each agency named therein, as required by section 781, subdivision (a)(1)(B).

_____
BURNS, J.

We concur:

_____
JACKSON, P.J.

_____
CHOU, J.

A165499

Contra Costa County Superior Court, No. J09-01517, Hon. Barbara C. Hinton.

Eileen Alisa Manning-Villar for Defendant and Appellant.

Rob Bonta, Attorney General of California, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Roberta L. Davis and Gabriel Bradley, Deputy Attorneys General, for Plaintiff and Respondent.