Filed 7/31/17

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| S. V., | |
| Petitioner, | |
| v. | G053903 |
| THE SUPERIOR COURT OF ORANGE COUNTY, | (Super. Ct. No. DL051138-001) |
| Respondent; | O P I N I O N |
| ISAIAH RENE HARRIS, | |
| Real Party in Interest. | |

Original proceedings; petition for a writ of mandate to challenge an order of the Superior Court of Orange County, Maria D. Hernandez, Judge. Petition granted.

Law Office of Denise L. Schleicher and Donna P. Chirco, for Petitioner.

Sharon Petrosino, Public Defender, David Dworakowski, Assistant Public Defender, and Robert F. Kohler, Deputy Public Defender, for Real Party in Interest.

No appearance for Respondent.

\*          \*          \*

# I

# INTRODUCTION

Under separation of powers principles, when the Legislature has enacted a statute with limited exceptions, courts may not add additional exceptions. (See Cal. Const., art. III, § 3.) In 2014, the Legislature enacted a statute that generally requires a juvenile court to seal a minor's confidential delinquency file following a dismissal. The court cannot later unseal and release information in the file to others, except in eight limited circumstances for certain designated parties (e.g., the probation department). (Welf. & Inst. Code, § 786, subds. (a)(1), (f)(1)(A)-(H).) [1] A third party criminal defendant is not one of the designated parties under the eight statutory exceptions.

Here, a juvenile court dismissed a delinquency petition and sealed the minor's records. A criminal defendant later filed a request for disclosure of the minor's sealed records. Defendant is charged with the pimping, pandering, and human trafficking of the minor; she is likely to be a witness at defendant's upcoming trial. The juvenile court reviewed the minor's sealed file and ordered that a redacted portion of the file be released to defendant (under procedures appropriate to *confidential*, rather than *sealed* files). The minor filed a petition for writ of mandate to stop that release.

We grant the petition and order the juvenile court not to release any information from the minor's sealed file. The Legislature has created no exception for the release of information from a sealed juvenile delinquency file to a third party criminal defendant; courts cannot create such an exception. Defendant argues that his inability to access the minor's sealed file may compromise his discovery rights and his right to effectively cross-examine the minor, but we are in no position to speculate on those matters. We anticipate that the trial court will make whatever rulings may be necessary to protect defendant's statutory and constitutional rights.

---

[1] Further undesignated statutory references will be to the Welfare and Institutions Code.

## II

## FACTUAL AND PROCEDURAL BACKGROUND

In August 2015, Santa Ana police made contact with S.V. (petitioner and minor) and Isaiah Rene Harris (real party in interest and defendant) during a traffic stop.

In September 2015, the district attorney filed a felony complaint charging Harris with the pimping, the pandering, and the human trafficking of S.V., a minor over 16 years of age. (Pen. Code, §§ 266h, subd. (b), 266i, subds. (a)(1) & (b)(1), 236.1, subd. (c).) The complaint further alleged Harris had two prior "strike" convictions and one "prison" prior. (Pen. Code, §§ 667, subd. (d), 1170.12, subd. (b), 667.5, subd. (b).) Based on phone calls Harris allegedly made while in jail, the district attorney later filed an amended complaint adding two additional crimes: conspiring to dissuade S.V. from testifying as a witness against him and persuading another person to become a prostitute (pandering). (Pen. Code, §§ 136.1, subd. (c), 266i, subd. (a).)

In September 2015, the district attorney also filed a juvenile petition charging S.V. with the misdemeanor offense of making false statements to a police officer. (Pen. Code, § 148.9.) A prosecutor said that "as a general matter in this county we don't charge juveniles with prostitution if we have a good faith belief that they have a pimp because by definition we think that makes them a human trafficking victim and pursuant to Evidence Code section 1161 there is no admissible evidence to hold them accountable for that conduct."[2] As far as charging S.V. with making false statements, the prosecutor said that his purpose was to "bring [S.V.] back into Orange County so that we can protect her." The juvenile court placed S.V. on an informal program of supervision and assigned her to a specialized court, Generate Resources to Abolish Child Exploitation

---

[2] "Evidence that a victim of human trafficking . . . has engaged in any commercial sexual act as a result of being a victim of human trafficking is inadmissible to prove the victim's criminal liability for the commercial sexual act." (Evid. Code, § 1161, subd. (a).)

3

(GRACE). (§ 654.2.) A little over six months later, the court dismissed the charge and ordered S.V.'s records sealed. (§§ 782, 786.)

In August 2016, Harris filed a request for disclosure of information from S.V.'s juvenile dependency and juvenile delinquency files.[3] (§ 827, subd. (a)(1)(P).) Harris requested: "The juvenile case file information regarding Petitions filed regarding the minor, the status and/or disposition of any Petitions regarding the minor." Harris stated that: "The records are necessary for use at jury trial in the matter in which the minor is the alleged victim."

S.V. received notice and filed an objection to the release of information from her juvenile case file. (§ 827, subd. (a)(1)(P).) S.V. argued that her juvenile delinquency records had been ordered sealed by the juvenile court under section 827 and there was no applicable exception under that section allowing for their release.

The juvenile court conducted a hearing. Harris's attorney stated that: "During the course of law enforcement's contact with the minor she provides what is ultimately determined to be false information to the police officer and so that is all contained within the police report under the [report] number that pertains to Mr. Harris's criminal matter." Harris's attorney argued that criminal defendants have a "constitutional right to confront and cross-examine the witnesses against them, to have competent counsel who is able to investigate all potential defenses, which includes credibility of any witnesses . . . so in that context I am asking for the court to disclose any delinquency petitions that were filed as to the minor" and "any statements contained within that file . . . with regards to the incidents" involving Harris. The attorney further requested any "minutes or procedural history of how that matter was handled." The prosecutor

---

[3] It is unclear when S.V. became a dependent of the juvenile dependency court. However, S.V.'s petition for writ of mandate "is related only to the issues regarding releasing information from the delinquency file . . . ."

joined in Harris's request and indicated that he intended to call S.V. as a witness at Harris's upcoming trial.

The juvenile court ruled that it had an obligation to review the files for exculpatory information bearing on S.V.'s veracity. The court ordered disclosure of S.V.'s delinquency file after "appropriate redaction" and "with a protective order." However, the court stayed the actual release of the information, allowing S.V. the time necessary to file a writ.

S.V. filed a petition for writ of mandate to stop the release of information from her sealed juvenile delinquency file. This court stayed the juvenile court's order and issued an alternative writ of mandate. We ordered the court to set aside and vacate its order, or in the alternative, to show cause why a peremptory writ of mandate should not issue. The juvenile court did not comply. Harris, as real party in interest, filed a return. The district attorney sent a letter to this court stating that: "The People take no position on the Petition for Writ of Mandate."

III

DISCUSSION

Ordinarily, an order to release juvenile court records is reviewed for an abuse of discretion. (*In re Jeffrey T.* (2006) 140 Cal.App.4th 1015, 1018.) But the question here is one of statutory interpretation: under what circumstances can a juvenile court release a minor's sealed juvenile delinquency records?

Statutory interpretation is a question of law, which we review de novo. (*John v. Superior Court* (2016) 63 Cal.4th 91, 95.) As usual, our task is to ascertain the intent of the Legislature so as to effectuate the purpose of the statute. (*People v. Jefferson* (1999) 21 Cal.4th 86, 94.) Generally, the words of a statute are to be given their "'usual and ordinary meanings.'" (*People v. Lawrence* (2000) 24 Cal.4th 219, 230-

5

231.)  Courts may not insert words or add provisions to an unambiguous statute.  (*People v. Hunt* (1999) 74 Cal.App.4th 939, 946.)

"The powers of state government are legislative, executive, and judicial.  Persons charged with the exercise of one power may not exercise either of the others except as permitted by this Constitution."  (Cal. Const., art. III, § 3.)  When interpreting a statute, our role is "to ascertain and declare what the statute contains, not to change its scope by reading into it language it does not contain or by reading out of it language it does.  We may not rewrite the statute to conform to an assumed intention that does not appear in its language."  (*Vasquez v. State of California* (2008) 45 Cal.4th 243, 253.)


*A.  Ordinarily, a juvenile court may release a minor's <u>confidential</u> delinquency records to a third party after the filing of a petition and a balancing of the interests involved.*

The Legislature has provided that "juvenile court records, in general, should be confidential."  (§ 827, subd. (b)(1).)  While most court records are available and open to the public for inspection, there are strong public policy reasons for keeping the records of juvenile proceedings confidential; among them, to protect children from adverse consequences and unnecessary emotional harm.  (*Pack v. Kings County Human Services Agency* (2001) 89 Cal.App.4th 821, 828.)  A minor's "'juvenile case file'" generally contains all the various documents that are relevant in a juvenile case, including police and probation records.  (Cal. Rules of Court, rule 5.552(a).)

By statute, a minor's confidential juvenile case file may routinely be accessed by certain designated parties such as "court personnel," a "district attorney," and a "minor's parent or guardian."  (§ 827, subd. (a)(1).)  The Legislature has also created a procedure allowing third parties to gain access to a minor's confidential juvenile case file upon the filing of a petition with proper notice.  (§ 827, subd. (a)(1)(P).)  "If petitioner shows good cause, the court may set a hearing."  (Cal. Rules of Court, rule 5.552(e)(2).)  "In determining whether to authorize inspection or release of juvenile case files . . . the

6

court must balance the interests of the child and other parties to the juvenile court proceedings, the interests of the petitioner, and the interests of the public." (Cal. Rules of Court, rule 5.552(e)(4).) If a court "determines that all or a portion of the juvenile case file may be disclosed, the court must make appropriate orders . . . ." (Cal. Rules of Court, rule 5.552(e)(7).) "The court may issue protective orders to accompany authorized disclosure, discovery, or access." (Cal. Rules of Court, rule 5.552(e)(8).)

Here, the juvenile court applied the above procedures to Harris's request for access to S.V.'s juvenile delinquency file. But those procedures apply only to the inspection and release of a minor's *confidential* juvenile case file; everything changes once a minor's *confidential* file has been *sealed*.

*B. A juvenile court may not release a minor's <u>sealed</u> delinquency records except in limited circumstances under specific exceptions provided for by the Legislature.*

The purpose of sealing juvenile court records is "'to protect minors from future prejudice resulting from their juvenile records.'" (*In re Jeffrey T.*, *supra*, 140 Cal.App.4th at p. 1020.) The juvenile delinquency system is not primarily concerned with punishing juvenile offenders; rather, it is concerned with rehabilitating them. (*In re J.W.* (2015) 236 Cal.App.4th 663, 667.)

There are two provisions of law allowing for the sealing of a minor's juvenile delinquency file; the first is long-standing and discretionary, the second is fairly recent and mandatory. When a minor has been declared a ward of the court, five years or more after jurisdiction has terminated, or any time after the minor has reached 18 years of age, the court "may" order the minor's records sealed upon a request by the minor or the probation department under section 781. Since 2015, when a juvenile court dismisses a minor's petition due to the satisfactory completion of an informal program of supervision (§ 654.2), informal probation (§ 725), or "a term of probation for any offense," the court "shall" order the records sealed under section 786.

7

When a juvenile court seals a minor's records under a discretionary order, "the proceedings in the case shall be deemed never to have occurred, and the person may properly reply accordingly to any inquiry about the events, the records of which are ordered sealed." (§ 781, subd. (a)(1)(A).) Similarly, when a court seals a minor's records under a mandatory order, "the *arrest and other proceedings in the case shall be deemed not to have occurred* and the person who was the subject of the petition may reply accordingly to an inquiry by employers, educational institutions, or other persons or entities *regarding the arrest and proceedings in the case*."[4] (§ 786, subd. (b), italics added.) Both statutes also contain provisions for the eventual destruction of the previously sealed records. (§§ 781, subd. (d); 786, subd. (a).)

Under a discretionary sealing order, "the records shall not be open to inspection" (§ 781, sub.d (a)(1)(A)(4)), subject to two exceptions: 1) when there is a showing of good cause for their admission in a defamation action; and 2) when the information has already been provided to the Department of Motor Vehicles, that agency can disclose information to authorized insurers for limited purposes of determining insurance eligibility and determining insurance rates. (§ 781, subds. (b) & (c).)

Under a mandatory sealing order, there are eight exceptions. In relevant part, the statute reads: "A record that has been ordered sealed by the court under this section may be accessed, inspected, or utilized only under any of the following circumstances: [(1)] By the prosecuting attorney, the probation department, or the court for the limited purpose of determining whether the minor is eligible and suitable for deferred entry of judgment . . . or is ineligible for a program of [informal] supervision . . . . [¶] [(2)] By the court for the limited purpose of verifying the prior

---

[4] S.V. suggests that as a result of the sealing of her records, she can refuse to answer questions at Harris's trial regarding the underlying facts *prior to* her arrest. While we cannot, of course, make any evidentiary rulings in advance of a trial that has yet to occur, we note that we do not interpret the statute as broadly as S.V. suggests.

8

jurisdictional status of a ward who is petitioning the court to resume its jurisdiction . . . . [¶] [(3)] If a new petition has been filed against the minor for a felony offense, by the probation department for the limited purpose of identifying the minor's previous court-ordered programs or placements . . . . [¶] [(4)] Upon a subsequent adjudication of a minor whose record has been sealed under this section and a finding that the minor is a [ward of court] based on the commission of a felony offense . . . . [¶] [(5)] Upon the prosecuting attorney's motion . . . to initiate court proceedings to determine the minor's fitness to be dealt with under the juvenile court law . . . . [¶] [(6)] By the person whose record has been sealed . . . to permit inspection of the records. [¶] [(7)] By the probation department of any county to access the records for the limited purpose of meeting federal [regulatory] compliance. [¶] [(8)] The child welfare agency of a county responsible for the supervision and placement of a minor . . . may access a record that has been ordered sealed by the court under this section for the limited purpose of determining an appropriate placement or service . . . ." (§ 786, subd. (f)(1)(A)-(H).)

A person unfamiliar with the principles of statutory interpretation may assume that because the Legislature has specified at least some exceptions for the disclosure of a minor's sealed records, others may be implied. However, that is not the case. "Under the maxim of statutory construction, *expressio unius est exclusio alterius*, if exemptions are specified in a statute, we may not imply additional exemptions unless there is a clear legislative intent to the contrary." (*Sierra Club v. State Bd. of Forestry* (1994) 7 Cal.4th 1215, 1230-1231 [court did not interpret intent of Legislature to exempt timber harvesting from environmental legislation where it had exempted other types of forest practices].) "The proper rule of statutory construction is that the statement of limited exceptions excludes others, and therefore the judiciary has no power to add additional exceptions; the enumeration of specific exceptions precludes implying others." (*Parmett v. Superior Court* (1989) 212 Cal.App.3d 1261, 1266.)

Here, the juvenile court sealed S.V.'s records following a dismissal of her petition as it was required to do under section 786. Harris later filed a request asking the juvenile court to inspect and to release portions of S.V.'s sealed court records so that Harris could utilize those records for the purposes of his criminal trial. But within section 786, there are only eight specific exceptions in which the Legislature has provided that previously sealed juvenile records may be "accessed, inspected, or utilized." (§ 786, subd. (f)(1)(A)-((H).) Harris's request does not fall into any one of those exceptions; and, to the extent that the district attorney joined in the request, neither does the district attorney's request. (See § 786, subd. (f)(1)(A)-(H).) The Legislature's exceptions are narrow and unambiguous; nowhere in the statutory scheme can we discern an intent to expand or broaden those limited exceptions for any other purposes.

Thus, under long standing principles of statutory interpretation, we hold that the juvenile court improperly inspected S.V.'s sealed records, and the court may not disclose any portion of those records to Harris. Because the law requiring the mandatory sealing of juvenile records—section 786—is relatively recent, this issue is apparently one of first impression. However, our holding is supported by an analogous case, *In re James H.* (2007) 154 Cal.App.4th 1078 (*James H.*), in which an appellate court dealt with a similar issue based on the discretionary sealing of records under section 781.

In *James H.*, the petitioner, while a minor, had committed lewd acts with another minor. (*James H.*, *supra*, 154 Cal.App.4th at p. 1081.) The juvenile court had declared the petitioner a ward of the court, but later granted his request to have his records sealed. (*Id*. at pp. 1081-1082.) However, the petitioner continued to commit sexual offenses as an adult and he was committed to state prison. (*Id*. at p. 1082.) Before his scheduled release from prison, the Board of Parole Hearings (BPH) screened the petitioner for a potential civil commitment as a Sexually Violent Predator (SVP). As part of that process, the juvenile court granted BPH's request and ordered the release of petitioner's sealed juvenile delinquency records for use in the SVP screening process.

10

(*Ibid.*)  The appellate court reversed that order, holding that:  "The juvenile court did not have the authority to release the sealed records from appellant's juvenile adjudication . . . and its order doing so must be vacated."  (*Id.* at p. 1087.)  Citing the well-established principle of statutory construction—"'the statement of limited exceptions excludes others'"—the court held that:  "The language of section 781 . . . is clear and unequivocal: unless the 'defamation' exception . . . or the 'insurance eligibility' exception . . . applies, a record that has been sealed may not be disclosed to a third party."  (*Id.* at pp. 1083-1084.)

In this case, similar to the two exceptions allowing for the disclosure of sealed juvenile records under section 781, the eight exceptions allowing for the disclosure of sealed juvenile records under section 786 are clear and unequivocal.  And, just as there is no exception under section 781 that allowed the BPH to access the petitioner's sealed juvenile delinquency records, there is no exception under section 786 that allows Harris to access S.V.'s sealed juvenile delinquency records.

The Attorney General argued in *James H.*, that "the state's interest in identifying SVP[s] outweighs the juvenile's interest in having sealed records remain confidential."  (*James H.*, *supra*, 154 Cal.App.4th at p. 1085.)  The court responded, noting that:  "The Legislature could have written the SVP Act to specifically allow the use of such records in SVP proceedings or amended section 781 to do so, but it did not.  If the Legislature determines that sealed records should be available for this purpose, it may amend section 781 or the SVP Act to so permit their release."  (*Id.* at p. 1088.)

Here, Harris similarly argues that a criminal defendant's constitutional right to confront and cross-examine the witnesses against him outweighs a person's interest in having his or her sealed juvenile court records remain confidential.  But it is up to the Legislature to determine if, and under what circumstances, a criminal defendant may have access to a minor's sealed juvenile court records for purposes of a criminal trial.

11

And, it would, of course, be up to the Legislature to adopt or amend whatever statutes it deems necessary to achieve its intended purposes.

*C. We anticipate that the trial court will make whatever rulings may be necessary to ensure Harris's right to a fair trial.*

Under the reciprocal discovery provisions of California law, both the defense and the prosecution have certain discovery rights and obligations. (See Cal. Const., art. I, § 30; Pen. Code, § 1054 et seq.) Generally, an informal discovery request is required before a court can formally order either the defendant or the prosecutor to comply with a discovery request. (Pen. Code, § 1054.5, subd. (b).)

A defendant's discovery obligations are fairly narrow and purely statutory. (See Pen. Code, § 1054.3.) The defense is generally obligated to disclose the names and addresses of its trial witnesses as well as their statements (excluding the defendant), and any real evidence to be introduced at trial. (Pen. Code, § 1054.3.)

However, a prosecutor's discovery obligations are much broader and embrace both statutory and constitutional components. (See Pen. Code, § 1054.4.) Most importantly, the prosecutor must disclose to the defendant: "Any exculpatory evidence." (Pen. Code, § 1054.1, subd. (e); *Brady v. Maryland* (1963) 373 U.S. 83, 87 (*Brady*).) Under the federal due process clause, exculpatory evidence includes any evidence that is materially favorable to the defendant. (*Ibid*.) The prosecutor's *Brady* obligation exists regardless of whether the defendant has requested the materials. (*United States v. Agurs* (1976) 427 U.S. 97, 107.) Further, the *Brady* obligation is not limited to evidence the prosecutor's office itself actually is aware of and possesses, but includes "evidence known to the others acting on the government's behalf in the case, including the police." (*Kyles v. Whitley* (1995) 514 U.S. 419, 437.) For *Brady* purposes, exculpatory evidence also includes evidence that could be used to impeach a prosecution witness. (*United States v. Bagley* (1985) 473 U.S. 667, 674.)

12

If either party in a criminal action fails to comply with its discovery obligations, "a court may make any order necessary to enforce" the obligation, "including, but not limited to, immediate disclosure, contempt proceedings, delaying or *prohibiting the testimony of a witness* or the presentation of real evidence, continuance of the matter, or any other lawful order." (Pen. Code, § 1054.5, subd. (b), italics added.) "The court may prohibit the testimony of a witness . . . only if all other sanctions have been exhausted." (Pen. Code, § 1054.5, subd. (c).) "The court shall not dismiss a charge . . . unless required to do so by the Constitution of the United States." (Pen. Code, § 1054.5, subd. (c).)

In addition to discovery rights and obligations, a criminal defendant has the constitutional right to confront and cross-examine the prosecution's witnesses at trial. (U.S. Const., 6th Amend.; *Davis v. Alaska* (1974) 415 U.S. 308 (*Davis*).) In *Davis*, the defendant was charged with a burglary involving the theft of a safe. (*Id*. at pp. 309-311.) One of the prosecution witnesses was a juvenile, who testified that he saw the defendant near where the abandoned safe was found. (*Id*. at pp. 309-310.) Although the juvenile was on probation, the trial court barred the defendant from cross-examining the juvenile regarding whether his probation status may have affected his testimony. (*Id*. at p. 311.) The United States Supreme Court reversed defendant's burglary conviction; the court held that the trial court's evidentiary ruling contravened the defendant's confrontation rights, as it prevented him from raising an inference of witness bias. (*Id*. at pp. 316-321.) "The State's policy interest in protecting the confidentiality of a juvenile offender's record cannot require yielding of so vital a constitutional right as the effective cross-examination for bias of an adverse witness. The State could have protected [the juvenile] from exposure of his juvenile adjudication in these circumstances by *refraining from using him to make out its case*; the State cannot, consistent with the right of confrontation, require the [defendant] to bear the full burden of vindicating the State's interest in the secrecy of juvenile criminal records." (*Id.* at pp. 320-321, italics added.)

13

Here, we cannot speculate as to whether Harris's inability to access S.V.'s sealed juvenile delinquency file may affect either his statutory or constitutional discovery rights in his upcoming trial. For instance, we have no information as to whether the prosecution has already fulfilled its *Brady* discovery obligations. From the limited record provided to us in this writ proceeding, it appears the district attorney has already disclosed at least some information, including the underlying police report. Further, S.V. has apparently not challenged the disclosure of any information from her juvenile dependency file and we do not know what information that file contains. However, these are all matters to be dealt with in the trial court through appropriate discovery motions and rulings.

As far as Harris's right to confront and cross-examine S.V. at trial, these are also speculative matters, particularly in advance of a trial that has yet to begin. (See *People v. Hammon* (1997) 15 Cal.4th 1117, 1124 ["By its terms, the decision in *Davis*, *supra*, 415 U.S. 308, involved a defendant's *trial rights* only"].) Again, the trial court may need to make whatever evidentiary rulings are necessary to protect Harris's constitutional rights. As a result, the prosecution may face some obstacles in proving its case; but given the nature of the charges, Harris may face some evidentiary challenges as well: "Evidence of sexual history or history of any commercial sexual act of a victim of human trafficking . . . is inadmissible to attack the credibility or impeach the character of the victim in any civil or criminal proceeding." (Evid. Code, § 1161, subd. (b).)

In sum, any matters regarding Harris's rights and obligations are to be dealt with in the trial court. We anticipate that the trial court will make whatever rulings may be necessary to ensure a fair trial. But there is simply no statutory exception that allows a juvenile court to release a minor's delinquency file to a third party criminal defendant after that confidential file has been sealed.

14

## IV

## DISPOSITION

The petition for writ of mandate is granted.  The juvenile court is ordered to set aside and vacate its order entered on August 12, 2016, granting real party in interest's request to disclose portions of the juvenile delinquency record in case No. DL051138-001, and enter a different order denying that request.


MOORE, J.


WE CONCUR:


BEDSWORTH, ACTING P. J.


IKOLA, J.

15