Filed 5/4/26

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re PARKER B., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>PARKER B.,<br><br>    Defendant and Appellant. | D084848<br><br>(Super. Ct. No. J244794) |

APPEAL from an order of the Superior Court of San Diego County, Tilisha Martin, Judge.  Affirmed as modified.

Michaela Dalton, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Robin Urbanski and Laura Baggett, Deputy Attorneys General, for Plaintiff and Respondent.

## I.  INTRODUCTION

The juvenile court declared then-15-year-old Parker B. (Minor) a ward of the court based on separate assaults he committed when he was 13 and 14

years old. After performing suitably on probation for six months, Minor moved to dismiss the petition and set aside the findings under Welfare and Institutions Code section 782,[1] and to seal his records under section 786. The trial court granted the motion to dismiss and partially granted the motion to seal as to all charges except for the assault Minor committed when he was 14. The court found this record ineligible for sealing under section 786, subdivision (d) (section 786(d)), which prohibits courts from sealing records pertaining to offenses listed in section 707, subdivision (b) (section 707(b)) that were "committed when the individual was 14 years of age or older unless the finding on that offense was dismissed." (§ 786(d).) The court also concluded that this assault charge prevented the court from relieving Minor from a prohibition on acquiring firearms before he turned 30.

Minor raises two issues on appeal. First, he contends the trial court erred by not sealing the record regarding the assault he committed when he was 14. He reasons that the section 782 dismissal satisfied the condition in section 786(d) that the court dismiss "the finding on that offense." We agree. Section 782 " 'is a general dismissal statute' " and a dismissal under that section " 'operates, as a matter of law, to erase the prior [adjudication] as if the [juvenile] had never suffered the [adjudication] in the initial instance.' " (*People v. Haro* (2013) 221 Cal.App.4th 718, 721 (*Haro*).) Therefore, we interpret an unqualified section 782 dismissal of an adjudicated petition as encompassing the offenses alleged in the petition *and* all findings the court has made on those offenses. Because the court here did not qualify its section 782 dismissal in any way, the dismissal encompassed the findings on

---

[1] Further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

the assault Minor committed when he was 14, thereby entitling him to sealing of the record on that offense under section 786.

Second, Minor contends the section 782 dismissal also erased the assault charge for purposes of relieving him from the firearm restriction. We disagree. The interplay between the dismissal, sealing, and firearm restriction statutes prohibits a court from sealing records pertaining to a firearm restriction. (See *In re Joshua R.* (2017) 7 Cal.App.5th 864, 869 (*Joshua R.*).)

Accordingly, we modify the juvenile court's order to seal all of Minor's records in this case. As so modified, the order is affirmed.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In 2023, the People filed a petition against Minor arising from two assaults he committed at school — one in 2021 when Minor was 13, and one in 2022 when he was 14. In connection with each incident, Minor was charged with assault by means likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)) with an enhancement for personally inflicting great bodily injury (*id.*, § 1192.7, subd. (c)(8)); and battery inflicting serious bodily injury (*id.*, § 243, subd. (d)). Assault under Penal Code section 245, subdivision (a)(4) is an offense listed in section 707(b)(14).

On October 19, 2023, after a contested adjudication hearing, the juvenile court found the charges and enhancement allegations true. The court declared Minor a ward of the court, placed him on probation in his father's custody, and prohibited Minor from "knowingly hav[ing] any firearm in his[] possession until attaining the age of 30." (See Pen. Code, § 29820, subd. (b) [providing that a person adjudged a ward of the juvenile court for committing an offense listed in § 707(b) "shall not own, or have in possession

3

or under custody or control, a firearm until the person is 30 years of age or older"].)

After Minor performed satisfactorily on probation for six months, he requested that the court set aside its findings and dismiss the petition under section 782, seal his records under section 786, and relieve him from the firearm restriction. The People opposed the request. The trial court dismissed the petition, sealed the records as to all charges except the assault Minor committed when he was 14 (Count 1), and denied the request to relieve Minor from the firearm restriction.

Minor appeals.

## III.  DISCUSSION

This appeal raises questions of statutory interpretation regarding the juvenile dismissal, sealing, and firearm restriction statutes. We review these questions de novo. (*In re Greg F.* (2012) 55 Cal.4th 393, 406 (*Greg F.*); *In re Taylor C.* (2024) 101 Cal.App.5th 492, 496 (*Taylor C.*).)

### A.  The Juvenile Dismissal and Sealing Framework

#### 1.  Dismissal

Section 782 was enacted in 1971 to recodify the juvenile courts' longstanding discretion to dismiss juvenile matters. (*In re J.B.* (2022) 75 Cal.App.5th 410, 418.) Section 782, subdivision (a)(1) (section 782(a)(1)) reads in part: "A judge of the juvenile court in which a petition was filed . . . may dismiss the petition, or may set aside the findings and dismiss the petition, if the court finds that the interests of justice and the welfare of the person who is the subject of the petition require that dismissal, or if it finds that they are not in need of treatment or rehabilitation."

4

In *Haro*, *supra*, 221 Cal.App.4th 718, the court held that section 782(a)(1) " 'is a general dismissal statute' that is similar in its operation to Penal Code section 1385." (*Haro*, at p. 721, fn. omitted; see Pen. Code, § 1385, subd. (a) ["The judge or magistrate may, . . . in furtherance of justice, order an action to be dismissed."]; *Greg F.*, *supra*, 55 Cal.4th at p. 416 ["In terms similar to section 782, Penal Code section 1385 grants trial courts the power to dismiss a criminal action 'in furtherance of justice.' "].) " '[D]ismissal under [Penal Code] section 1385 of the charge underlying a prior conviction operates, as a matter of law, to erase the prior conviction as if the defendant had never suffered the conviction in the initial instance.' " (*Haro*, at p. 721, quoting *People v. Barro* (2001) 93 Cal.App.4th 62, 66 (*Barro*).)

*Haro* addressed whether the dismissal under section 782 of a juvenile adjudication that would otherwise qualify as a strike under the "Three Strikes" Law precluded the use of that adjudication as a strike in a later criminal proceeding. (*Haro*, *supra*, 221 Cal.App.4th at p. 720.) The *Haro* court looked to *Barro*, which addressed that question in the context of a dismissal of an adult conviction and concluded that a dismissal under Penal Code section 1385 precluded use of the offense as a strike. (*Haro*, at pp. 721–723.) *Barro* reached its conclusion after comparing section 1385 to another Penal Code provision allowing dismissal (Pen. Code, § 1203.4), leading the *Barro* court to conclude Penal Code section 1385 should be interpreted broadly. (*Barro*, at pp. 66–67.) Drawing on the reasoning in *Barro*, *Haro* concluded the differences between section 782 and another Welfare and Institutions Code section allowing dismissal of juvenile petitions warranted interpreting section 782 broadly. (See *Haro*, *supra*, 221 Cal.App.4th at p. 722 ["Just as . . . section 782 is similar in its wording to

5

Penal Code section 1385, the courts have found . . . section 1772 to be comparable to Penal Code section 1203.4."].)[2]

From this, the *Haro* court concluded that "a dismissal under, section 782, of the petition underlying a juvenile adjudication has the same effect" as a Penal Code section 1385 dismissal: " '[it] operates, as a matter of law, to erase the prior [adjudication] as if the [juvenile] had never suffered the [adjudication] in the initial instance.' " (*Haro*, *supra*, 221 Cal.App.4th at p. 720, quoting *Barro*, *supra*, 93 Cal.App.4th at p. 66.)

Dismissal under section 782 is discretionary. (See § 782, subd. (a)(2)(A); *Greg F.*, *supra*, 55 Cal.4th at p. 419.) This discretion authorizes juvenile courts to dismiss all or any part of a petition. (*In re J.P.* (2023) 94 Cal.App.5th 74, 81 [holding that the "juvenile court's authority [under section 782] to 'set aside the findings and dismiss *the petition . . .* includes the power to dismiss *any part* of that petition" (italics added)].)

"Section 782 was amended, effective January 1, 2023, to state that '[d]ismissal of a petition . . . pursuant to this section . . . does not alone constitute a sealing of records as defined in Section 781 or 786.' [Citations.] Hence, dismissal of a petition does not automatically result in the sealing of

---

[2]    The *Barro* court found Penal Code section 1385 broad in comparison to Penal Code section 1203.4, subdivision (a)(1), which expressly provides that convictions dismissed upon completion of probation "shall have the same effect as if probation had not been granted or the accusation or information dismissed." (See *Barro*, *supra*, 93 Cal.App.4th at pp. 66–67, italics omitted.) The *Haro* court similarly found section 782 broad in comparison to section 1772, which provides in subdivision (a) that upon satisfaction of certain criteria a juvenile "shall thereafter be released from all penalties and disabilities resulting from the offense," subject to many exceptions listed in subdivision (b). (See *Haro*, *supra*, 221 Cal.App.4th at pp. 722–724.)

6

the juvenile records." (*Taylor C.*, *supra*, 101 Cal.App.5th at p. 496.) Accordingly, a juvenile who desires to seal records pertaining to a dismissed petition must do so under a different statute.

### 2. Sealing

"There are two provisions of law allowing for the sealing of a minor's juvenile delinquency file; the first is . . . discretionary, the second is . . . mandatory." (*S.V. v. Superior Court* (2017) 13 Cal.App.5th 1174, 1181 (*S.V.*).) The discretionary statute — section 781 — " 'provides that a juvenile record . . . may be sealed when the juvenile reaches his majority or upon the expiration of five years from the date on which the jurisdiction of the juvenile court terminates' " and the person has remained law-abiding. (*In re Jose S.* (2017) 12 Cal.App.5th 1107, 1114; see *S.V.*, at p. 1181.)[3] "Section 781 was generally enacted 'to protect minors from future prejudice resulting from their juvenile records.' " (*In re Jeffrey T.* (2006) 140 Cal.App.4th 1015, 1020.) It therefore provides that "[o]nce the court has ordered the person's records sealed, the proceedings in the case shall be deemed never to have occurred, and the person may properly reply accordingly to any inquiry about the

---

[3] Section 781, subdivision (a)(1)(A) states in relevant part: "If a petition has been filed with a juvenile court to commence proceedings to adjudge a person a ward of the court, . . . the person . . . may, five years or more after the jurisdiction of the juvenile court has terminated . . . , or, in any case at any time after the person has reached 18 years of age, petition the court for sealing of the records. . . . If, after hearing, the court finds that since the termination of jurisdiction . . . the person has not been convicted of a felony or of any misdemeanor involving moral turpitude and that rehabilitation has been attained to the satisfaction of the court, it shall order all records, papers, and exhibits in the person's case in the custody of the juvenile court sealed . . . ."

events, the records of which are ordered sealed." (§ 781, subd. (a)(1)(A).) Nevertheless, section 781 limits the circumstances under which a record involving an offense listed in section 707(b) may be sealed. (§ 781, subd. (a)(1)(D)–(E); see *Jeffrey T.*, at pp. 1020–1021.)

The mandatory sealing statute — section 786 — "employ[s] a streamlined . . . procedure for dismissing juvenile delinquency petitions and sealing juvenile records . . . when a ward 'satisfactorily completes' probation or supervision." (*In re A.V.* (2017) 11 Cal.App.5th 697, 705–706.) Section 786, subdivision (a) provides: "If a person who has been alleged or found to be a ward of the juvenile court satisfactorily completes (1) an informal program of supervision . . . , (2) probation under Section 725, or (3) a term of probation for any offense, the court *shall* order the petition dismissed" and "[t]he court *shall* order sealed all records pertaining to the dismissed petition. . . ." (§ 786, subd. (a)(1), italics added; see *S.V.*, *supra*, 13 Cal.App.4th at p. 1181.) "The court shall send a copy of the [sealing] order" to applicable agencies and officials and must "specify a date by which the sealed records must be destroyed." (§ 786, subd. (a).)[4]

"The purpose underlying [section 786] is 'to speed up and facilitate the reentry into mainstream society, rehabilitation, and employability of juveniles with nonserious, nonviolent delinquency histories.' " (*In re Brandon H.* (2024) 103 Cal.App.5th 1277, 1283 (*Brandon H.*).) Therefore,

---

[4] As we discuss further in part III.C.2., *post*, regarding firearm restrictions, section 786, subdivision (a)(1) also provides: "If a record contains a sustained petition rendering the person ineligible to own or possess a firearm until 30 years of age pursuant to Section 29820 of the Penal Code, then the date the sealed records shall be destroyed is the date upon which the person turns 33 years of age."

8

subdivision (b) of section 786 provides that "[u]pon the court's order of dismissal of the petition, the arrest and other proceedings in the case shall be deemed not to have occurred and the person who was the subject of the petition may reply accordingly to an inquiry by employers, educational institutions, or other persons or entities regarding the arrest and proceedings in the case."

Section 786(d) limits the circumstances under which a record involving an offense listed in section 707(b) may be sealed: "A court shall not seal a record or dismiss a petition pursuant to this section if the petition was sustained based on the commission of an offense listed in subdivision (b) of Section 707 that was committed when the individual was 14 years of age or older *unless* the finding on that offense was dismissed or was reduced to a misdemeanor or to a lesser offense that is not listed in subdivision (b) of Section 707." (Italics added.)

## B. Minor's Request for Dismissal and Sealing

In May 2024, the probation officer reported that Minor had performed well on probation for six months. The officer therefore believed supervision was no longer needed and recommended that the wardship be terminated.

At a May 14, 2024 review hearing, Minor's counsel orally requested that the court dismiss the petition under section 782. The attorney explained that "the main basis for this request" was removing the firearm restriction as a barrier to Minor's goal of serving in the military or law enforcement. The prosecutor objected that the request should be made by noticed motion. The court initially granted the motion to dismiss, finding Minor "successfully complied with . . . probation" and that "there is no further need of treatment with respect to rehabilitation." Minor's counsel then requested that the court

9

seal Minor's record under section 786. The court responded that it believed the section 707(b) offenses were not sealable and that the firearm restriction would remain. The court vacated its section 782 dismissal to allow the parties to brief the dismissal, sealing, and firearm issues.

Minor filed a formal motion to dismiss the petition and set aside the court's findings under section 782, and to seal the court's records under section 786. Minor argued he was eligible under section 782 both because dismissal was "in the interests of justice and [his] welfare" and because he was "not in need of treatment or rehabilitation." (§ 782(a)(1).) Citing *Haro, supra*, 221 Cal.App.4th 718, Minor argued a section 782 dismissal "would in effect erase the existence of the petition and the adjudication," which would both allow for sealing of the section 707(b) offense under section 786(d), and "relieve [him] of the firearm prohibition." He acknowledged case law holding that a dismissal and sealing under section 786 would not relieve him of the firearm restriction (see *Joshua R.*, *supra*, 7 Cal.App.5th at p. 869), but he argued a section 782 dismissal "is broader" than a dismissal and sealing under section 786.

The People filed a brief opposing sealing of the section 707(b) offense and relief from the firearm restriction. As to sealing, the People argued that dismissal under section 782 would not entitle Minor to sealing under section 786 because of the recent amendment to section 782 clarifying that dismissal under that section "does not alone constitute a sealing of records as defined in Section 781 or 786." (§ 782, subd. (e).) Regarding the firearm restriction, the People relied on *Joshua R.*'s holding that the firearm restriction statute's provision that it applies " '[n]otwithstanding any other law' " prevailed over section 786. (*Joshua R.*, *supra*, 7 Cal.App.5th at p. 869, quoting Pen. Code, § 29820, subd. (d).)

10

The juvenile court orally announced its ruling at a July 12, 2024 hearing. The court granted Minor's request to dismiss the petition under section 782, "specifically finding that [he] is not in need of rehabilitation, as the court is finding that he has satisfactorily completed probation."

Regarding sealing, the juvenile court found that both battery counts were sealable because they are not listed in section 707(b) and that the assault committed when Minor was 13 was sealable because section 786(d) precludes sealing only as to section 707(b) offenses committed when the juvenile was at least 14 years old. For that reason, though, the court declined to seal the record regarding the assault count Minor committed when he was 14 (Count 1). The court added that Minor could petition the court to seal this record under section 781 once he turns 18.

Next, the court ordered that the firearm restriction remain in place. The court found *Haro* distinguishable because "section 782 is not silent as to the firearm restriction related to the outcome of the general dismissal per [section] 782, unlike Penal Code section 1385, which is silent on that issue." The court cited section 782, subdivision (b) "specifically" as "stat[ing] [that] the firearm restriction continues."[5] The court stated it was also relying on *Joshua R.*'s "hold[ing] that the firearm restriction applies, notwithstanding any other law."

---

[5]    It appears the juvenile court misspoke when it cited section 782, subdivision (b) because that provision does not mention firearms; rather, it prescribes how courts must explain their decisions under section 782. Because we conclude the juvenile court's ruling maintaining the firearm restriction is supported by other valid rationale, we do not discuss the court's reliance on section 782, subdivision (b) any further. (See *People v. Camacho* (2022) 14 Cal.5th 77, 123 ["we review the trial court's ruling, 'not the court's reasoning and, if the ruling was correct on any ground, we affirm' "].)

11

## C. Analysis

### 1. The Juvenile Court Erred by Not Sealing Minor's Record as to Count 1

Minor contends the juvenile court erred in not sealing his record as to Count 1 because the section 782 dismissal satisfied section 786(d)'s requirement that "the finding on [his section 707(b)] offense was dismissed." (§ 786(d).) We agree.

As noted, the *Haro* court held that section 782 " 'is a general dismissal statute' " (*Haro*, *supra*, 221 Cal.App.4th at p. 721), which " 'operates, as a matter of law, to erase the prior [adjudication] as if the [juvenile] had never suffered the [adjudication] in the initial instance' " (*id.* at p. 720). Based on the *Haro* court's reasoning, the court in *In re David T.* (2017) 13 Cal.App.5th 866 (*David T.*) held that a section 782 dismissal entitled a juvenile to sealing of a section 707(b) offense (robbery) under section 781 even though section 781 then barred — without exception — sealing of a record involving a section 707(b) offense committed after age 14. (*David T.*, at pp. 872–875.)[6] The *David T.* court reasoned that allowing dismissal would not conflict with section 781's proviso that its sealing restriction applies "[n]otwithstanding any other law" because, "once the court set aside the robbery finding and dismissed the petition under section 782, there was no longer any robbery finding or sustained petition left to be governed by the limitation on record sealing contained in . . . section 781." (*David T.*, at p. 877.)

---

[6] As noted, section 781 now allows sealing of records regarding section 707(b) offenses under certain circumstances. (See § 781, subd. (a)(1)(D)–(E).)

The People argue *David T.* is no longer good law because the Legislature has since amended section 782 to add subdivision (e), which clarifies that "[d]ismissal of a petition, or setting aside of the findings and dismissal of a petition, pursuant to this section, after the person was declared a ward, does not alone constitute a sealing of records as defined in Section 781 or 786." In support, the People cite *Taylor C.*, *supra*, 101 Cal.App.5th 492, in which a juvenile obtained a section 782 dismissal of an offense listed in section 707(b) and required him to register as a sex offender under Penal Code section 290.008. (*Taylor C.*, at pp. 494–495.) The juvenile argued he was entitled to sealing under section 781 even though that statute prohibits courts from sealing a record relating to a section 707(b) offense " 'committed after attaining 14 years of age for which the person is required to register pursuant to Section 290.008 of the Penal Code.' " (*Taylor C.*, at p. 497, quoting § 781, subd. (a)(1)(F).) The juvenile court denied the motion to seal, and the *Taylor C.* court affirmed, finding that section 781, subdivision (a)(1)(F) unambiguously rendered "a subset of sex offenses . . . *categorically* and *unequivocally* not eligible for sealing." (*Taylor C.*, at p. 497, original italics omitted & italics added.)

In so holding, the *Taylor C.* court rejected the juvenile's argument that, under *David T.*, "the juvenile court's dismissal of his petitions under section 782 erased the adjudication of the prior offenses such that they are deemed to have never occurred, which relieved him of any future adverse consequences of those offenses, including the sealing limitation in subdivision (a)(1)(F) of section 781." (*Taylor C.*, *supra*, 101 Cal.App.5th at p. 497.) The *Taylor C.* court found *David T.* distinguishable because *David T.* "interpreted an earlier version of section 782 that—*unlike the current version*—did not include any limitations on the relief offered by dismissal."

13

(*Taylor C.*, at p. 497.) Specifically, the *Taylor C.* court found that the Legislature's "unambiguous" clarification that dismissal of a petition under section 782 "does not alone constitute a sealing of records" (§ 782, subd. (e)) means that "the reasoning of *David T.* no longer applies *to the extent* it held dismissal under section 782 *automatically* releases the person from the sealing limitations in section 781." (*Taylor C.*, at p. 498, italics added.)

We find *David T.*, *Taylor C.*, and newly added subdivision (e) of section 782 reconcilable. Under *David T.*, a section 782 dismissal "is a general dismissal . . . intended to erase a prior adjudication—not merely reduce or mitigate it—and to thereby protect the person from any and all future adverse consequences based on that adjudication." (*David T.*, *supra*, 13 Cal.App.5th at p. 877, citing *Haro*, *supra*, 221 Cal.App.4th at p. 720.) This dismissal *generally* entitles a juvenile to have his or her record sealed. But under section 782, subdivision (e), the dismissal does not itself effectuate the sealing; that must be pursued under either section 781 or 786. And as clarified in *Taylor C.*, a juvenile seeking sealing under section 781 or 786 based on a section 782 dismissal is subject to any restrictions on sealing contained in the applicable sealing statute. (*Taylor C.*, *supra*, 101 Cal.App.5th at pp. 497–498.) In *Taylor C.*, sealing was unavailable because section 781's restriction on sealing registrable sex offenses was "categorical[]." (*Taylor C.*, *supra*, 101 Cal.App.5th at p. 497.)

Unlike the restriction at issue in *Taylor C.*, the restriction at issue here — section 786(d) — is not categorical. It allows a juvenile to seal a section 707(b) offense committed after age 14 if "the finding on that offense was dismissed." (§ 786(d).) The question here, then, is whether a section 782 dismissal constitutes a dismissal of "the finding on [a section 707(b)] offense." (§ 786(d).)

The confusion over this question arises because section 782(a)(1) contemplates two types of dismissal — the court "may dismiss the petition, *or* may set aside the findings and dismiss the petition." (Italics added.) The juvenile court here dismissed "the petition" without specifying whether it was also "set[ting] aside the findings" underlying the petition. (§ 782(a)(1).) The parties dispute whether this dismissal satisfied section 786(d)'s sealing requirement that "the finding on the offense was dismissed."

Minor contends "the most reasonable interpretation" of section 782(a)(1)'s alternative phrasing focuses on the procedural posture of the case when the court grants dismissal. "[I]f the juvenile had not yet been declared a ward" — that is, the court had not yet made any findings on the offense — then "the petition would be dismissed" under the first clause. But "if the juvenile had already been declared a ward" — that is, the court *had* made findings on the offense — then "the findings would be set aside and the petition dismissed" under the subdivision's second clause.

The People argue that " 'dismissal of a finding' does not simply refer to dismissal of a petition at a different point in time" (that is, after the court has made findings) because a dismissal of findings has "distinct legal ramifications" from a mere dismissal of a petition. "For example," the People note, "dismissal of a finding on an offense can function to prevent a prosecutor from using the true finding later in criminal proceedings whereas a dismissed petition and sealed record, without dismissing the offense, allows prosecutors to later utilize the record. [Citations.] Therefore, 'dismissal of a finding' does not simply refer to dismissal of a petition at a different point in time, but rather a different type of dismissal with distinct legal ramifications."

15

We think Minor has the better argument. His interpretation accounts for the fact a court can dismiss a juvenile proceeding at the pleadings stage — in which case the court would "dismiss the petition" — or after the petition has been adjudicated — in which case the court would "set aside the findings and dismiss the petition." (§ 782(a)(1).) This approach is consistent with the statute's wording. (See *Greg F.*, *supra*, 55 Cal.4th at p. 406 ["Our fundamental task in construing a statute 'is to ascertain the Legislature's intent [and] effectuate the law's purpose. [Citation.] We begin our inquiry by examining the statute's words, giving them a plain and commonsense meaning.' "].) It honors the statutory purpose of accelerating rehabilitated juveniles' " 'reentry into mainstream society.' " (*Brandon H.*, *supra*, 103 Cal.App.5th at p. 1283.) And it reflects *Haro*'s established holding that "a dismissal under section 782 of the petition underlying a juvenile adjudication" " 'operates, as a matter of law, to erase the prior [adjudication] as if the [juvenile] had never suffered the [adjudication] in the initial instance.' " (*Haro*, *supra*, 221 Cal.App.4th at p. 720.) The People's proposed interpretation achieves none of these ends; rather, it narrowly focuses on only the consequences that flow from the different types of dismissals.

We therefore hold that when a juvenile court dismisses a petition under section 782 after the court has adjudicated its allegations, the dismissal constitutes both a "set[ting] aside [of] the findings and [a dismissal of] the petition" *unless* the court indicates a narrower intent. (§ 782(a)(1).) Of course, a court can exercise its discretion to dismiss less than an entire

16

petition or all its attendant findings.[7]  (See *In re J.P., supra,* 94 Cal.App.5th at p. 81 [holding that the "juvenile court's authority [under § 782] to 'set aside the findings and dismiss *the petition . . .* includes the power to dismiss *any part* of that petition" (italics added)].)  In such a case, the effect of the dismissal on the juvenile's ability to seal under one of the sealing statutes will depend on the specific wording and scope of the court's dismissal.  But absent an express qualification of a dismissal, we will construe a dismissal under section 782 of an adjudicated petition as an unqualified dismissal that encompasses all the offenses alleged in the petition *and* all findings the court has made on those offenses.

Turning to the dismissal here, the juvenile court did not qualify its section 782 dismissal in any way.  The court did not indicate that it was dismissing (or desired to dismiss) fewer than all of the offenses alleged in the petition or that it was dismissing the petition but not setting aside the findings the court made on the offenses alleged in the petition.  Further, despite Minor expressly requesting that the court both set aside its findings and dismiss the petition, the People did not oppose the request based on that distinction.  We therefore interpret the juvenile court's section 782 dismissal here as a dismissal of all four offenses alleged in the petition *and* the findings the court made on each of those counts — including Minor's section 707(b) offense.  Because the juvenile court dismissed the findings on that offense, Minor satisfied the requirements of section 786(d) and was entitled to have

---

[7]    The People seem to argue the opposite here — that by "dismiss[ing] the entire petition pursuant to section 782 . . . the court did not dismiss . . . [Count 1]."  This has it backwards.  Dismissing the petition dismisses all of its charges.

17

his record regarding Count 1 sealed as well.  We will modify the judgment accordingly.

## 2. The Juvenile Court Correctly Maintained the Firearm Restriction

Minor contends the juvenile court erred by concluding that he remains subject to the firearm restriction.  We disagree.

Penal Code section 29820, subdivision (b) provides that "[a] person described in subdivision (a)" — which includes a person adjudged a ward of the court for committing a section 707(b) offense — "shall not own, or have in possession or under custody or control, a firearm until the person is 30 years of age or older."  The juvenile court must use Department of Justice (DOJ) forms to "notify [DOJ] of persons subject" to a firearm restriction under this provision.  (Pen. Code, § 29820, subd. (d).)  "Notwithstanding any other law, the forms required to be submitted to [DOJ] . . . may be used to determine eligibility to acquire a firearm."  (*Ibid.*)

The juvenile court based its ruling on *Joshua R*, *supra*, 7 Cal.App.5th 864, which held that a sealing order under section 786 does not relieve a juvenile from the firearm restriction under Penal Code section 29820. (*Joshua R*., at pp. 868–869.)  The *Joshua R.* court recognized that section 786, subdivision (b) provides that if a juvenile meets the sealing criteria, "the offense 'shall be deemed not to have occurred.' " (*Joshua R*., at p. 869.)  But the court found that the statutes "can be reconciled" (*id.* at p. 868) by deferring to the firearm restriction's admonition that its record-keeping requirements apply " '[n]otwithstanding any other law' " (*id.* at p. 869, quoting Pen. Code, § 29820, subd. (d), italics omitted).

18

The *Joshua R.* court reasoned that "the current state of the law requires this outcome and furthers the primary purpose of both statutes. The goal behind . . . section 786 . . . is to allow certain juvenile offenders who have successfully completed their probation to lead productive lives without the black mark of a record hanging over their heads for employment and educational purposes. The only purpose of [Penal Code] section 29820 is to prevent those who have committed certain offenses as juveniles from owning firearms before they turn 30 years old. Ordering the record sealed, as required by . . . section 786, while at the same time allowing the DOJ to maintain the [f]irearm [f]orm until [the juvenile] turns 30 will serve both purposes." (*Joshua R.*, *supra*, 7 Cal.App.5th at p. 869.)

Based on this reconciling, the *Joshua R.* court held that "while the rest of the record must be sealed and destroyed by the date the court specifies in [its sealing order] . . . , the [f]irearm [f]orm need not be ordered destroyed until [the juvenile]'s 30th birthday." (*Joshua R.*, *supra*, 7 Cal.App.5th at p. 869.)

Minor argues *Joshua R.* is distinguishable because it involved a dismissal under section 786, whereas his case involves a broader dismissal under section 782, which effectively erased his petition. We are not persuaded that this distinction makes a difference here. Although "[s]ection 782 is a very different statute from section 786 in that it vests broad discretion in the trial court and contains a much higher standard for dismissal" (*David T.*, *supra*, 13 Cal.App.5th at p. 878), the consequences of a dismissal under either statute are the same: it is as if the petition never existed. (See *Haro*, *supra*, 221 Cal.App.4th at p. 720 [§ 782 dismissal "erase[s]" the prior conviction]; § 786, subd. (b) ["the arrest and other proceedings in the case shall be deemed not to have occurred"].)

19

More importantly, as we discussed above in reconciling the relevant case law and statutes (see part III.C.1, *ante*), the Legislature amended section 782 to clarify that a dismissal does not effectuate a sealing of records, thus subjecting section 782 dismissals to the restrictions imposed by the sealing statutes. (See *Taylor C., supra*, 101 Cal.App.5th at pp. 497–498.) Shortly after *Joshua R.* was decided, the Legislature amended section 786 to subordinate its sealing provisions to Penal Code section 29820 firearm restrictions. (See Stats. 2018, ch. 1002, § 1.5.) Specifically, the Legislature amended section 786 to clarify that sealed records containing firearm restrictions under Penal Code section 29820 shall not be destroyed until the person turns 33 years of age (§ 786, subd. (a))[8] and may be accessed by DOJ to determine a person's suitability to acquire firearms (§ 786, subd. (g)(1)(J).)[9] We infer from these amendments that the Legislature intended for firearm restrictions to survive sealing orders under section 786, even if the sealing order follows a section 782 dismissal.

Minor also argues that the result in *Joshua R.* is contrary to the Legislature's intent behind section 782 to remove juvenile offenders' barriers

---

[8]     Subdivision (a) of section 786 reads in relevant part: "If a record contains a sustained petition rendering the person ineligible to own or possess a firearm until 30 years of age pursuant to Section 29820 of the Penal Code, then the date the sealed records shall be destroyed is the date upon which the person turns 33 years of age."

[9]     Subdivision (g)(1)(J) of section 786 reads: "A record that has been ordered sealed by the court under this section may be accessed, inspected, or utilized . . . [¶] . . . [¶] . . . [b]y the Department of Justice for the purpose of determining if the person is suitable to purchase, own, or possess a firearm, consistent with Section 29820 of the Penal Code."

to employment, specifically including military service.[10] We are not persuaded. The *Joshua R.* court specifically wrestled with the competing policies behind the dismissal/sealing statutes and the firearm restriction statute. And the subsequent firearm-related amendments to section 786 confirm that the Legislature resolved those competing interests in favor of the firearm restriction.

## IV. DISPOSITION

The juvenile court's July 12, 2024 order is modified to seal Minor's record as to all counts (including Count 1). As so modified, the order is affirmed.

RUBIN, J.

WE CONCUR:

McCONNELL, P. J.

BUCHANAN, J.

---

10    For example, the author of the bill that amended section 782 in 2022 noted that the bill would "allow justice-impacted youth to fully access future opportunities," including "enlist[ing] in the military." (Assem. Com. on Public Safety, Rep. on Assem. Bill No. 2629 (2021–2022 Reg. Sess.) as amended Mar. 24, 2022, p. 3.)